## CALP *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. Nos. 104 & 118, September Term, 1957.]

630

*Decided· March 21, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-COTT and HORNEY, JJ.

HENDERSON, J., delivered the opinion of the Court.

These applications for leave to appeal from denials of writs ·of *habeas corpus* were consolidated at the petitioner's request. They raise two points:

1. Petitioner alleges that he was convicted in the Criminal ·Court of Baltimore on May 5, 1942, in three indictments for larceny, and sentenced to one, one and two years, respectively, to run consecutively. On September 11, 1942, he was tried .and sentenced by a trial magistrate in Anne Arundel County,

after a plea of guilty to assault and battery, to twenty-four months, "to run consecutively with term defendant is now serving". Petitioner does not challenge the right of the magistrate to try him. *Rigor v. State,* 101 Md. 465. But he contends that the sentence imposed by the magistrate began to run at the expiration of the one-year term for the first larceny, which he was then serving. We find no merit in the contention. A similar contention was made in *Johnson v. Warden,* 196 Md. 672, 674, 675, where a sentence for escape was made to begin at the expiration "of his present term of confinement", and the petitioner had been sentenced for two different crimes for periods of four and six years respectively. We said that the language quoted "undoubtedly meant at the expiration of the entire period for which the applicant had been committed".

2. Petitioner alleges that he escaped on May 21, 1945, and was convicted of a crime committed in Virginia, and sentenced to the Virginia Penitentiary. A detainer was placed against him by the Maryland authorities, and he was returned to this State on August 30, 1957. He contends that he should receive credit for the time served in Virginia, subsequent to the placing of the detainer. We think it is clear that petitioner did not start to serve the remainder of his Maryland sentences until he was returned here, and the detainer did not become effective until then. He was not entitled as a matter of right to the time served in Virginia. Cf. *Gariti v. Brophy,* 7 N. Y. S. 2d 19, appeal dism., 18 N. E. 2d 863 (N. Y.); *State v. Brandfon,* 119 A. 2d 185 (N. J.); *Commonwealth v. Day,* 124 A. 2d 426 (Pa. Super.).

*Applications denied, with costs.*