## MARTIN *v.* STATE

[No. 173, September Term, 1961.]

*Decided January 24, 1962.*

Submitted to Brune, C. J., and Henderson, Hammond, Horney and Marbury, JJ.

Submitted on brief by *Donald P. Roman* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Joseph D. Buscher, Special Assistant Attorney General, Edward B. Rybczynski, Special Attorney, Saul A. Harris, State's Attorney for Baltimore City,* and *Charles E. Moylan, Jr., Assistant State's Attorney,* for the appellee.

Per Curiam.

Edward B. Martin, Jr., the appellant, was tried and convicted by the court sitting without a jury, on the first count of four indictments. The first count of each indictment charged him with robbery with a dangerous or deadly weapon of a different cleaning establishment, threatening a female employee with bodily harm, and proceeding to force her to give him the currency on the premises. The offenses were al-

leged to have occurred on four different days. In indictments Nos. 2030, 2033, and 2035 the prosecuting witnesses testified to seeing a knife in the hand of the appellant as he threatened them with bodily harm. The court imposed a sentence of twenty years in the Maryland Penitentiary in each case, making the sentences under indictments No. 2030 and 2033 to run consecutively, and the others concurrently. From the judgments entered thereon the appellant appeals.

Appellant first contends that the trial court erred in not letting him take the stand in his own defense, but his counsel, with admirable candor, admits no merit in this contention, since, at the close of the State's testimony no offer was made to place the defendant on the stand in his own defense, and the defendant's case was closed without any defense testimony. *Gladden v. State,* 227 Md. 266, 176 A. 2d 219; *Brown v. State,* 223 Md. 401, 164 A. 2d 722.

His second contention is that the trial court was in error in finding the defendant guilty on the first count in indictment No. 2032 on the evidence. We find no merit in this contention. The prosecuting witness, Mrs. Mildred Jenkins, testified that appellant kept his hand under his coat during the hold up and threatened "I will kill you if I have to," and proceeded to rob the premises. This witness further identified the appellant as the person who did and said these things. In addition Sergeant Charles Stefan of the Baltimore City Police, a witness for the State, described the apprehension of the appellant and the taking of four voluntary statements which, without objection, were admitted into evidence, and in which the appellant admitted all four robberies with a deadly weapon as charged in the indictments. Also admitted into evidence was a knife identified as the deadly weapon used by the appellant. This testimony was ample corroboration for the trial court to infer from the statement by way of a confession and the testimony that appellant did in fact have a weapon under his coat during the robbery, so that we can not say that the court was clearly in error. Maryland Rule 741 c.

Appellant finally contends that the sentences of twenty years on indictment No. 2032, and twenty years on indict-

ment No. 2033, to run consecutively, imposed by the trial court, amounted to cruel and unusual punishment under Article 25, Declaration of Rights, Maryland Constitution. This contention is likewise not sustainable. Each sentence was within the limit prescribed by law and is clearly valid. Code (1957), Article 27, § 488. Cruel and unusual punishment has been held not to forbid imprisonment for years or life. *Kirby v. State,* 222 Md. 421, 160 A. 2d 786. The record disclosed prior convictions of larceny in 1954 and 1955, which were undoubtedly considered by the trial judge in imposing the sentences.

*Judgments affirmed.*