## REYNOLDS *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 3, September Term, 1962.]

624

*Decided July 24, 1962.*

Before Brune, C. J., and Henderson, Hammond, Prescott, Horney, Marbury and Sybert, JJ.

Prescott, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of relief under the U.P.C.P.A., Code (1961 Supp.), Art. 27, §§ 645A-645J. According to the application, Reynolds and two codefendants, Middleton and Hughey, all pleaded guilty to charges of grand larceny and breaking and entering. At the trial, Reynolds and Middleton each asked for and received court appointed counsel. Each of them was sentenced to a term of five years. Hughey, it is alleged, declined appointed counsel and was sentenced to four and a half years.

The single point pressed at the hearing below and raised here is that Reynolds' sentence should be reduced by six

months because the trial judge assigned an improper reason for the disparate sentences. The application asserts that at the sentencing the trial judge said that he was imposing the lighter sentence upon Hughey because, and only because, Hughey had declined appointed counsel and thereby had saved the public an expense. Reynolds' sentence is not claimed to exceed legal limits and it is clearly within the statutory limit for his conviction for either offense. See Code (1957), Art. 27, §§ 32, 33, 340; *Williams v. State,* 205 Md. 470, 109 A. 2d 89.

In this State sentencing is within the discretion of the trial judge. Where punishment is prescribed by statute, and the sentence does not exceed the statutory limits, this Court ordinarily cannot review it even upon a direct appeal. *Merchant v. State,* 217 Md. 61, 141 A. 2d 487, and cases therein cited. We have recognized a very narrow exception allowing review on appeal for abuse of discretion in imposing sentence. "Where the punishment is grossly and inordinately disproportionate to the offense 'so that the sentence is evidently dictated not by a sense of public duty, but by passion, prejudice, ill-will or any other unworthy motive, the judgment ought to be reversed, and the cause remanded for a more just sentence.'" *Reid v. State,* 200 Md. 89, 93, 88 A. 2d 478, rearg. den. 200 Md. 95, 89 A. 2d 227, cert. den. 344 U. S. 848, quoting from *Mitchell v. State,* 82 Md. 527, 534, 34 A. 246. This exception has never been applied by this Court.

For the purposes of this case we shall assume, without deciding, that it would be improper for a trial judge to impose a lighter sentence upon a traverser merely because he declined counsel at public expense (or, perhaps, we should assume that it would be improper to give a traverser a longer sentence solely because he requested court-appointed counsel), and that such action by the trial court is a proper matter to be considered in a post-conviction proceeding. But this avails the applicant nothing. He simply did not support the allegations of his application. On the contrary, the trial judge who imposed sentence was called as a witness and he testified that he imposed what he considered was a fair and appropriate sentence on the applicant, considering the offenses he had committed and his long previous criminal record.

The mere fact that the trial judge saw fit to give the applicant's codefendant, who in all probability had a different criminal record from the applicant, a sentence that was six months shorter than the applicant's, and assigned as one of his reasons therefor that the codefendant had placed the county to no additional expense, constitutes no basis for relief in this proceeding. Cf. *Blevins v. Warden*, 223 Md. 645, 162 A. 2d 444; *Ellinger v. Warden*, 224 Md. 648, 167 A. 2d 334.

*Application denied.*