## JOHN CLYDE FISHER, JR. *v.* STATE OF MARYLAND

[No. 216, Initial Term, 1967.]

*Decided July 21, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and PRETTYMAN, J., Associate Judge of the First Judicial Circuit, specially assigned.

*Melvin N. Siegel* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Carville M. Downes, Assistant Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Howard Cardin, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

On March 22, 1966 the appellant was convicted of robbery and attempt to obtain money by a false pretense in the Criminal Court of Baltimore, by Judge J. Gilbert Prendergast, presiding without a jury. He was sentenced to imprisonment for a term of 10 years for the robbery offense and to imprisonment for a term of 1 year on the attempt to obtain money by a false pretense, the sentences to run consecutively.

Three contentions are raised on this appeal:
1) The arrest of the appellant and subsequent seizure of certain evidence was illegal.
2) The evidence was insufficient to sustain the conviction.
3) The sentences imposed constituted cruel and unusual punishment.

There was evidence before the court substantially as follows. On January 21, 1966, about 4:20 P.M. William Schlining was beaten and robbed in the 2200 block Hollins Ferry Road by three youths who knocked him down and took his wallet. The

wallet contained his pay check, payable to him in the amount of $81.68 which had not been endorsed by him. About 7:00 P.M. the same day the appellant went to a liquor store in the 500 block Fremont Avenue and presented to the proprietor the check, which he requested be cashed. The proprietor asked the appellant if he was William Schlining and the appellant said he was. The proprietor asked the appellant to endorse the check and in attempting to do so, had difficulty in spelling the name "Schlining." The proprietor took the fingerprints of the appellant on a piece of adding machine tape and then asked him to write the name on a separate piece of paper. The appellant could not spell the name and bolted out of the store, leaving the check in the possession of the proprietor. As the appellant ran from the store, an unmarked patrol car containing two police officers was coming down the street. The appellant ran across the street directly in front of the car, yelled, "run," to two other youths on the scene and ran down the street. One of the police officers pursued him and caught him near the police car when he doubled back. The officer asked him why he had been running and he said he had "just tried to pass a stolen check." Approximately 60 seconds had elapsed from the time the officers first saw the appellant to the time he was caught. The check was turned over to the police by the proprietor of the liquor store. The appellant gave an oral statement to the police, confessing that he and three other boys had robbed a man in the 2200 block Hollins Ferry Road. He denied hitting the man, stating that a co-defendant had hit him, but said he took the wallet while the man was lying on the ground and that the check, which he later tried to cash, in the liquor store, was in the wallet.

The appellant contends that his arrest was illegal and therefore the check was inadmissible in evidence. Although evidence seized by a search, invalid by reason of an illegal arrest, is inadmissible in a state court, *Mapp v. Ohio*, 367 U. S. 643, the challenged evidence here was not the fruit of an invalid search, as the check was given to the police by the proprietor of the liquor store and not seized by a search of the appellant. Being otherwise admissible, it would not be rendered inadmissible by an illegal arrest. This contention of the appellant is devoid of merit.

With regard to the second contention, the test of the sufficiency of the evidence upon review by this Court has been clearly established.

"* * * the test of the sufficiency of the evidence in a case tried before the court without a jury, when reviewed in this Court, is whether the evidence, if believed, either shows directly or supports a rational inference of the facts to be proved, from which the court could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged." *Ponder v. State,* 227 Md. 570, 572; quoted in *Chittum v. State,* 1 Md. App. 205, 209; *Jones v. State,* 242 Md. 323, 328; *Kucharczyk v. State,* 235 Md. 334, 337.

From the evidence before the trial court, above detailed, this test was clearly fulfilled and we do not find that the judgment of the court was clearly erroneous. Maryland Rules, 1086. It is noted that the appellant does not contend on appeal that his oral statement was not free and voluntary. The record shows that at his trial, the appellant alleged that he did not make a statement to the police. In any event, as the conviction of the appellant preceded *Miranda v. Arizona,* 384 U. S. 436, he is not within the ambit of that case as *Miranda* is not retroactive. *Cooper v. State,* 1 Md. App. 190, 196. There was no allegation that the appellant requested counsel and that counsel was denied him, so *Escobedo v. Illinois,* 378 U. S. 478, does not apply. The test for the admissibility of the statement was whether it was made freely and voluntarily and at a time when the appellant knew and understood what he was saying. It would not be inadmissible merely because the arrest was illegal, if it was. *Koprivich v. State,* 1 Md. App. 147, 151. In a trial before the court, sitting without a jury, it is a matter for the trial court to decide whether a statement was freely and voluntarily given and its determination thereon will not be disturbed on appeal in the absence of a showing of an abuse of that discretion. *Johnson v. State,* 1 Md. App. 217, 221-222. The record discloses that the test for the admissibility of the statement was fully met.

510

With regard to the third contention, any sentence within the limit prescribed by law is valid and does not constitute cruel and unusual punishment in violation of constitutional protections, *Charles v. State*, 1 Md. App. 222, 231, unless dictated by passion, prejudice, ill-will or any other unworthy motive, *Logan v. State*, 1 Md. App. 213, 216. There is no suggestion of unworthy motive on the part of the trial judge and the record shows that such suggestion, if made, would be without merit. The sentence imposed for the robbery offense did not exceed the maximum penalty of 10 years provided by Maryland Code, Article 27, § 486. With reference to the sentence of 1 year on the attempt to obtain money by a false pretense, an attempt to commit an offense constitutes a common-law misdemeanor. A sentence for a common-law crime for which no sentence is fixed is not invalid unless it amounts to cruel and unusual punishment and in the case of an attempt is not necessarily controlled by the statutory penalty for the completed offense. *Tillett, v. Warden*, 215 Md. 596, 597; *Dailey v. State*, 234 Md. 325, 329. The maximum sentence for obtaining money by a false pretense is 10 years, *Code*, Article 27, § 140, and we cannot say that a sentence of one year for an attempt to commit that crime is cruel and unusual. See *Roberts v. Warden*, 242 Md. 459, 461. Nor do we feel that the imposition of consecutive sentences makes the punishment cruel and unusual, as each sentence was within the limit prescribed by law. *Martin v. State*, 227 Md. 407, 410.

*Judgments affirmed.*