# BERNARD JONES, JR. *v*. STATE OF MARYLAND

[No. 163, September Term, 1967.]

610

*Decided April 10, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Robert F. Freeze* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Charles Allan Herndon, Jr., Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The appellant was found guilty in the Criminal Court of Baltimore at a court trial of the following offenses and was sentenced as designated: assault upon Henry Naiditch, 2nd count of indictment No. 5272—5 years; robbery with a deadly weapon, 1st count, attempted robbery with a deadly weapon, 2nd count, robbery, 3rd count, assault with intent to rob, 4th count, and assault, 5th count of indictment No. 5273, all regarding Henry Naiditch—20 years generally, consecutive with the sentence under indictment No. 5272; assault upon Julius Green, 2nd count of indictment No. 5275—sentence suspended generally; assault upon Francis Kuhn, 2nd count of indictment No. 5276 —5 years consecutive with the sentence imposed under indictment No. 5273; robbery with a deadly weapon of Edward Zorn, 1st count of indictment No. 5277—10 years consecutive with the sentence imposed under indictment No. 5276.

On the 6th of November 1965, Henry Naiditch, the owner of a grocery store at 400 East Federal Street which had been "in his family for over 30 years" arrived at the store at 7:35 A.M. At 8:15 A.M. two men walked in. One, said to be Lorenzo Davis, had a sawed-off shotgun and the other, whom Naiditch identified at the trial as the appellant, had a revolver. There were four other persons in the store at the time — two children and Francis Kuhn, who were customers, and a milk man, Julius Green. Jones stood by the door and Davis came to the counter, pointed the shotgun at Naiditch and said, "This is it." Naiditch remained motionless behind the counter with his "hands in the air." Kuhn, standing by the counter, was told by Davis to move over. Being hard of hearing he did not respond immediately and Davis hit him on the head "about five times" with the butt

end of the shotgun. He fell to his knees in a daze. (He suffered a fractured skull and was confined to the hospital for 12 days). Jones, saying, "This is what you get for being a hero," hit Naiditch on the head, knocking him down. (He was treated for the injury at the hospital and 5 stitches were necessary to close the wound). The robbers took about $2100 in cash from Naiditch, his wallet containing about $30 and a ring valued at $300. During the course of the robbery, Edward Zorn came in the store to service the furnace. Jones herded him at pistol point to a corner of the room with the others who were in the store. Jones ripped Zorn's pocket open and took his wallet and keys. The wallet contained $113 and personal cards and records. Zorn saw Kuhn "bleeding profusely." The robbery took about 15 minutes. As the robbers were leaving, a customer, Mary Watty, who lived over the store, started to enter the store. The robbers were "backing out," one with a shotgun, and she got no farther than the steps, standing there "petrified" because she knew them and "I had no idea what either one of them might have done to me knowing that I knew them." Jones said, "Run, man," and they "ran north on Barclay Street and behind the 400 block of East Federal Street." She then entered the store "and everything was a mess in there and this man, Mr. Kuhn, was sitting in the corner where they keep the bread and his face was just a mass of blood." There was a positive courtroom identification of Jones, not only by Naiditch, but by Mary Watty, who knew him prior to the robbery by sight and by name, as he frequently came in the club where she worked, and by Zorn.[1]

The appellant contends that the evidence was not sufficient to sustain the convictions arguing only that, although his presence on the scene at the time of the commission of the crime was proved, there was no proof that he participated in the perpetration of the crimes. *Watson v. State,* 208 Md. 210, relied on by the appellant, is in no way apposite to the instant case. In *Watson* the Court held that a witness produced by the State was not an accomplice to the crime, although present when it

---

1. The trial court granted a motion by the appellant's counsel to strike the testimony of Kuhn concerning the identification of the appellant at a lineup and at the trial.

was committed, because there was no evidence that the witness aided or abetted the crime or encouraged it or knew that the crime was going to be committed by the perpetrator until it was committed. Here it is clear from the evidence that Jones and Davis were both active participants in the robberies and were equally culpable in the offenses incident thereto. In reviewing the sufficiency of the evidence, we have no difficulty in determining that the trial court had sufficient evidence from which it could be fairly convinced beyond a reasonable doubt of the appellant's guilt of the crimes of which he was convicted. *Grice v. State,* 2 Md. App. 482; Md. Rules, 1086. However, the appellant also contends that the conviction of assault upon Naiditch (indictment No. 5272) and the convictions under the first five counts under indictment No. 5273 "were clearly improper," alleging merely that the crime charged in No. 5272 "clearly embraced" the crimes charged in No. 5273. We think that, by the evidence, the assault upon Naiditch charged in indictment No. 5272 was a separate and distinct crime from the robbery with a deadly weapon charged in indictment No. 5273 and therefore there was no merger of the two offenses. *Tender v. State,* 2 Md. App. 692; *Cottrell v. State,* 1 Md. App. 520. With regard to the convictions under indictment No. 5273, the conviction of attempted robbery with a deadly weapon (2nd count) was not consistent with the conviction of robbery with a deadly weapon. Failure to consummate the commission of an offense is a necessary ingredient in an attempt to commit that offense, and having been convicted of committing the robbery with a deadly weapon, the appellant could not be found guilty of failing to commit it. *Boone v. State,* 2 Md. App. 80, 114-115. Inconsistent verdicts of guilty under different counts of the same indictment, when both counts depend upon the same alleged acts, cannot stand. *Price, etc. v. State,* 3 Md. App. 155. In *Darby v. State,* 3 Md. App. 407, we held that Md. Code (1967 Repl. Vol.), Art. 27, § 488 does not create a new substantive crime of "robbery with a deadly weapon" but merely provides a statutory penalty for the existing crime of robbery more severe when the robbery is committed with a deadly weapon than when it is not. Therefore, upon the conviction of the appellant of robbery with a deadly weapon, the conviction of robbery (3rd

count) based on the same alleged acts, was a conviction on a duplicitous count. Under the rule of merger of offenses followed in this State the assault with intent to rob (4th count) merged into the robbery with a deadly weapon (1st count) for it is clear in the instant case that in proving the robbery with a deadly weapon the assault with intent to rob was also proved. *Tender v. State, supra,* at 699. Having found that the assault under No. 5272 was a separate and distinct crime from the robbery with a deadly weapon under No. 5273, the assault charged in the 5th count of No. 5273, if considered as based on the same acts proving the conviction of the assault in No. 5272, is duplicitous, charging the same crime. If considered as based on the acts pertaining only to the robbery with a deadly weapon, it merges into the robbery with a deadly weapon. In either event, the conviction under the 5th count cannot stand. This Court recognizes that a person should not be twice punished for the same acts whether the offenses charged by reason of such acts be deemed to be inconsistent, duplicitous or to have merged. *Tender v. State, supra,* at 700. The sentence under indictment No. 5273 was a general one, covering the convictions under each of the five counts. "A general sentence covering more than one count is not improper, if the sentence does not exceed in the aggregate the sentences which might have been imposed cumulatively under the several counts." *Gatewood v. State,* 244 Md. 609, 620. Thus our reversal of the judgments under the 2nd and 3rd counts and our vacating of the judgments under the 4th and 5th counts of indictment No. 5273 do not invalidate the general sentence imposed. *Price, etc. v. State, supra.*

The appellant contends that the trial court erred in admitting the courtroom identifications of him "after lineup identification without an attorney." He relies on *United States v. Wade,* 388 U. S. 218. This Court has construed the rule enunciated in *Stovall v. Denno,* 388 U. S. 293, to hold that the principles of *Wade* and *Gilbert v. California,* 388 U. S. 263, apply only to lineups conducted after June 12, 1967 and we apply them only in accordance with that construction. *Tender v. State, supra,* at 696. As the lineup in the instant case was conducted prior to June 12, 1967, there was no violation of the appellant's rights by the absence of his attorney, and the challenged testimony was properly admitted.

The appellant also contends that the sentences imposed were "improper and illegal." This contention is based on the premise that the conviction of assault under indictment No. 5272 was improper. As we have found to the contrary, the contention fails. The sentences imposed were each within the maximum authorized by law, and the imposition of consecutive sentences was not cruel and unusual punishment. The appellant does not allege, and the record does not show, that they were dictated by passion, prejudice, ill-will or any other unworthy motive. They were imposed within the discretion of the trial court, properly exercised. See *Allen v. State*, 2 Md. App. 740; *Lawrence v. State*, 2 Md. App. 736; *Lynch v. State*, 2 Md. App. 546; *Miller v. State*, 1 Md. App. 653; *Fisher v. State*, 1 Md. App. 505.

The appellant, in proper person, submitted a "supplement" to the brief filed by his attorney. There is no provision in the Maryland Rules of Procedure for the filing of a brief by an appellant to supplement the brief filed by his attorney and we do not consider it to be in the interest of the orderly administration of justice to consider it. *Crossland v. State*, 2 Md. App. 722. In any event, those questions presented by it, not disposed of by this opinion, raise issues not tried and decided by the lower court and, therefore, are not properly before us. Md. Rules, 1085.

> *As to indictments Nos. 5272, 5275, 5276 and 5277—judgments affirmed:*
> *As to indictment No. 5273:*
> *Judgment under the first count affirmed;*
> *Judgments under the second and third counts reversed;*
> *Judgments under the fourth and fifth counts vacated as merging with the first count.*