KEVIN PATRICK KAYLOR *v.* STATE OF MARYLAND

[No. 42, September Term, 1978.]

\* \* \*

JOHN BUTTS, THE YOUNGER *v.* STATE OF MARYLAND

[No. 54, September Term, 1978.]

*Decided April 26, 1979.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE and COLE, JJ.

*John W. Sause, Jr., District Public Defender,* for appellants.

*Ray E. Stokes, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

COLE, J., delivered the opinion of the Court.

In these two cases we are asked to decide one question: Whether a judge, upon finding the accused guilty of violating probation, may order the sentence previously suspended therefor, to be served consecutively to the sentence the accused is then serving for conviction of a crime committed while on probation.

Kevin Patrick Kaylor (Kaylor) was convicted in the Circuit Court for Cecil County on July 17, 1975 of obtaining controlled dangerous substances by use of a false name and of obtaining a prescription drug by use of a false name in violation of Maryland Code (1957, 1976 Repl. Vol.), Article 27, §§ 287 (b), and 300 (g-1) (2). He was sentenced to three years for the first offense and two years for the second offense, the sentences to run concurrently. These sentences were suspended and Kaylor was placed on probation for three years.

On August 26, 1976, the Circuit Court for Cecil County, after a hearing, revoked Kaylor's probation because he had been convicted of malicious destruction of property and receiving stolen goods by the Circuit Court for Kent County and of receiving stolen goods by the Circuit Court for Queen Anne's County. The three year sentence, which had been suspended, was ordered to be served consecutively to the sentences Kaylor was then serving for the subsequent offenses. On appeal, the Court of Special Appeals affirmed

the judgment in an unreported per curiam opinion, *Kaylor v. State,* No. 1125, September Term, 1977, filed May 25, 1978. On August 18, 1978, this Court granted Kaylor's petition for a writ of certiorari.

John Butts (Butts) entered a guilty plea to assault charges in the Criminal Court of Baltimore and was sentenced to three years imprisonment on February 23, 1976. This sentence was suspended and Butts was placed on probation for five years. On July 6, 1977 Butts was convicted of assault with intent to murder in the Criminal Court of Baltimore and sentenced to ten (10) years imprisonment. Butts' probation was revoked on November 3, 1977 and his original three year sentence was directed to run consecutively to the ten year sentence he was then serving. The Court of Special Appeals affirmed the trial court's disposition in *Butts v. State,* No. 1319, September Term, 1977, filed June 19, 1978 (unreported). This Court granted Butts' petition for a writ of certiorari on September 7, 1978 and directed that Butts' cause be consolidated with that of Kaylor.

Kaylor and Butts contend that the power of the courts to suspend sentences and order probation is derived solely from statutory authorization.[1] They argue that since there is no specific statutory authorization to direct that a suspended sentence be served consecutively to a sentence subsequently imposed the courts lack the authority and power to order such disposition. The result urged upon us is that when probation is revoked the suspended sentence starts to run from the date of revocation and that only concurrent sentences are proper.

The State, in reply, contends that a judge has the power to designate the time at which a sentence will commence and has the discretion to run a sentence consecutively to another sentence. The State argues that if a trial judge cannot make the earlier sentence cumulative to the subsequently imposed sentence a probationer will be able to avoid punishment for his original offense.

---

1. Maryland Code (1957, 1976 Repl. Vol., 1977 Supp.), Article 27, Section 641A authorizes the trial courts of Maryland to suspend a sentence and release the defendant on probation.

Initially, we note that imposition of sentence in a criminal case is a matter within the discretion of the judge. The authority of the court to sentence a convicted defendant derives from the court's power to try an accused person for a crime committed within its jurisdiction. *Rigor v. The State,* 101 Md. 465, 61 A. 631 (1905). Further, there is nothing improper *per se* about the imposition of consecutive sentences. *Long v. State,* 7 Md. App. 256, 254 A. 2d 707 (1969). The restraints on a judge's power to impose sentence are, generally, that the sentence not constitute cruel and unusual punishment, that the sentencing judge not be motivated by ill-will, prejudice or other improper considerations and, that the sentence fall within statutory limits. *Roberts v. Warden,* 242 Md. 459, 219 A. 2d 254, *cert. denied,* 385 U. S. 876, 87 S. Ct. 156, 17 L.Ed.2d 104 (1966); *Gleaton v. State,* 235 Md. 271, 201 A. 2d 353 (1964); *Raley v. State,* 32 Md. App. 515, 363 A. 2d 261 (1976), *cert. denied,* 431 U. S. 965, 97 S. Ct. 2921, 53 L.Ed.2d 1060 (1977); *Smith v. State,* 23 Md. App. 177, 325 A. 2d 902 (1974); *Blevins v. State,* 8 Md. App. 708, 261 A. 2d 797 (1970). However, it is settled law that consecutive sentences do not constitute cruel and unusual punishment where the length of each sentence is within the limits prescribed by statute, *Martin v. State,* 227 Md. 407, 177 A. 2d 247 (1962); *Jones v. State,* 3 Md. App. 608, 240 A. 2d 347, *cert. denied,* 394 U. S. 993, 89 S. Ct. 1484, 22 L.Ed.2d 769 (1969). Here the appellants do not challenge the sentencing judges' motivations nor do they contend that the penalties exceed statutory limits. Instead, the appellants directly attack their sentences by asserting that the sentencing judges were powerless to run the sentences consecutively.

The appellants cite the opinion of this Court in *State ex rel. Sonner v. Shearin,* 272 Md. 502, 325 A. 2d 573 (1974) which held that in the absence of any statutory authority, a court does not possess any inherent power to suspend the execution of a sentence. We do not believe that *Sonner* may properly be extended to govern the present appeals. The *Sonner* decision was premised on the prerogative of the legislature to specify the maximum and minimum penalties which may be imposed for the commission of a crime. Accordingly, this

Court held that a judge may not suspend a mandatory minimum sentence because that would undermine the legislative mandate as to the minimum penalty for that crime. It does not follow, however, that a judge's power to direct when a sentence is to be served upon revocation of probation should be made to depend upon specific statutory authorization just because his power to suspend the execution of a sentence is so restrained. The rationale behind *Sonner* has no application here, where the direction as to when a sentence shall commence does not conflict with the penalty for a specific crime imposed by the legislature, but merely implements that punishment.

A court has a power to impose whatever sentence it deems fit as long as it does not offend the constitution and is within statutory limits as to maximum and minimum penalties. *Reynolds v. Warden,* 229 Md. 623, 182 A. 2d 875 (1962); *Reid v. State,* 200 Md. 89, 88 A. 2d 478, *cert. denied,* 344 U. S. 848, 73 S. Ct. 63, 97 L. Ed. 659 (1952). This judicial power includes the determination of whether a sentence will be consecutive or concurrent, with the same limitations. *See Martin v. State, supra; Wright v. State,* 24 Md. App. 309, 330 A. 2d 482 (1975); *Long v. State, supra;* Wharton's Criminal Procedure § 629 (12th ed. C. Torcia 1976).

This Court has long adhered to the position that consecutive sentences are a proper exercise of the trial court's discretion. *Martin v. State, supra; Yantz v. Warden,* 210 Md. 343, 123 A. 2d 601, *cert. denied,* 352 U. S. 932, 77 S. Ct. 236, 1 L.Ed.2d 167 (1956); *Eyer v. Warden,* 197 Md. 690, 80 A. 2d 19, *cert. denied,* 342 U. S. 835, 72 S. Ct. 58, 96 L. Ed. 632 (1951); *Smith v. State, supra; McClain v. State,* 10 Md. App. 106, 268 A. 2d 572 (1970); *Fisher v. State,* 1 Md. App. 505, 231 A. 2d 720 (1967). Moreover, the power of a judge to impose consecutive sentences ensures that a person who commits separate and distinct violations of the law receives separate and distinct punishments. Otherwise a person would escape the full impact of punishment for one offense. *Johnson v. Warden,* 196 Md. 672, 75 A. 2d 843 (1950); *Rigor v. State, supra; see also Calp v. Warden,* 216 Md. 629, 139 A. 2d 506 (1958). Chief

Judge McSherry, in delivering the opinion of the Court in *Rigor,* stated:

> Jurisdiction to inflict cumulative punishment is dependent, not on the accident that the offender has been convicted twice or oftener before the same tribunal, but upon the fact that distinct violations of the law have been committed by one individual whose malefactions merit separate and, therefore, cumulative penalties. Authority to sentence at all is incident to and a consequence of the power to try an accused, and the right to try is founded on the fact that the crime was committed within the jurisdiction of the Court and upon the further fact that the prisoner after being indicted is present in person before the Court during the trial. It is not material how or by what means he was brought into Court, as will be shown later on in discussing another phase of the case. *If the Court which imposed a sentence that is to begin upon the expiration of a prior punishment inflicted by some other tribunal of the same commonwealth, has jurisdiction of the offense charged and over the culprit it can unquestionably proceed to try him and upon conviction can sentence him for that violation of the law by imposing a cumulative penalty.* If this were not so the subsequent offense might remain unpunished by reason of the death of material witnesses during the running of the prior sentence. [101 Md. at 470 (emphasis supplied)].

We conclude, therefore, that a judge may, in the exercise of his discretion, impose consecutive sentences for distinct violations of the law, thus preventing duly convicted offenders from escaping punishment for the commission of their criminal acts.

There is authority in the federal courts which supports this conclusion. In *United States v. Lustig,* 555 F. 2d 751 (9th Cir. 1977), *cert. denied,* 434 U. S. 1045, 98 S. Ct. 889, 54 L.Ed.2d 795 (1978), Lustig pleaded guilty to a drug charge and was

sentenced to a five-year prison term, the execution of which was suspended. Two years later he was convicted on four other drug-related counts and sentenced to nine years' imprisonment. Thereafter, Lustig's probation was revoked and the suspension of his original five-year sentence was stricken. The judge expressly stated that the five-year sentence was to be served consecutively to the intervening nine-year sentence. On appeal, Lustig argued that on revocation of probation the court had no power to order that his sentences run consecutively. The United States Court of Appeals for the Ninth Circuit affirmed the district court's action:

> In reinstating a sentence upon revocation of probation, the district court, to insure that the defendant is punished both for the original conviction and the subsequent offense, may in its discretion order that the sentence be served consecutive to a federal sentence for an intervening crime. . . . Consecutive sentences are an appropriate mechanism for imposing a distinct punishment for each of two criminal acts. The district court's imposition of the consecutive sentence in this case was not improper. [555 F. 2d at 753].

*See United States v. Tacoma,* 199 F. 2d 482 (2nd Cir. 1952); *United States v. Denno,* 173 F. Supp. 237 (S.D. N.Y. 1959), *aff'd,* 272 F. 2d 191 (2nd Cir.), *cert. denied sub nom. MacLaren v. Denno,* 363 U. S. 814, 80 S. Ct. 1252, 4 L.Ed.2d 1155 (1960). *Cf. State v. Montgomery,* 3 Or. App. 555, 474 P. 2d 780 (1970) (a person on probation who commits illegal acts is not protected by the Double Jeopardy Clause from being responsible for those acts through both criminal prosecution and probation revocation); *Finley v. State,* 219 S.C. 278, 64 S.E.2d 881 (1951) (society should not be cheated by allowing guilty persons to escape punishment by having sentences run concurrently on revocation of probation and striking of suspension of imposed but unexecuted sentence).

One final contention by appellants must be disposed of.[2] Appellants refer us to two cases which they claim stand for the proposition that a judge who finds that a probationer has committed a crime while on probation has only the power to revoke that probation, and that consequently the sentence, the suspension of which is stricken on revocation of probation, must begin immediately upon revocation of probation. The first case cited by appellants, *Hite v. State,* 198 Md. 602, 84 A. 2d 899 (1951) is clearly distinguishable from the present case on its facts. In *Hite* the defendant was convicted for non-support and sentenced to 10 days in jail, but the execution of the sentence was suspended and he was placed on probation. Later he was rearrested, tried for violation of his probation by the magistrate presiding over juvenile cases for Allegany County and sentenced to six months' imprisonment. On his appeal to the Circuit Court for Allegany County, his sentence was increased to two years. Reviewing these facts, this Court held that on finding a violation of probation, the magistrate had only the power to order Hite to serve the ten-day term the execution of which had been suspended, and that the magistrate did not have the power to sentence Hite a second time for the same offense. In the instant case, the time length of the suspended sentences of the appellants was not increased by the circuit courts. The appellants were not resentenced as Hite was. The *Hite* case simply did not deal with the question of concurrent versus consecutive sentences. Only one sentence was involved.

The second case cited by appellants, *Coleman v. State,* 231 Md. 220, 189 A. 2d 616 (1963), also stands for the proposition that when probation is revoked a judge may not resentence

---

2. Appellants had also suggested in passing that we would be invading their constitutional rights if we were to hold that a sentence the suspension of which has been stricken may be executed consecutively to a sentence being served at the time of probation revocation, in light of our past rulings that probationers were not in every instance entitled to the appointment of counsel at revocation hearings. Crenshaw v. State, 222 Md. 533, 161 A. 2d 669 (1960); Knight v. State, *supra;* McRoy v. State, 24 Md. App. 321, 330 A. 2d 693 (1975). We need not address that contention in view of our recent decision in State v. Bryan, 284 Md. 152, 395 A. 2d 475 (1978), holding that Maryland Rule 723 requires the appointment of counsel at a probation revocation proceeding.

the probationer where the execution of his previously imposed sentence had been suspended. Coleman had originally been sentenced to two years' imprisonment, but the execution of the sentence was suspended and he was placed on probation. The clerk of the court which revoked Coleman's probation erred by making a docket entry which stated that Coleman's probation had been stricken and that Coleman had been sentenced to two years' imprisonment. This Court analyzed the case in the following manner:

> When the sentence in a criminal case is imposed and execution of the imposed sentence is conditionally suspended, as distinguished from the suspension of the imposition of sentence, and the defendant placed on probation, and thereafter the probation is stricken out, *the defendant should not be re-sentenced. His original sentence is effective with the probationary provisions stricken out.* [231 Md. at 222 (emphasis supplied)].

The appellants argue that this language from *Coleman* means that the imposition of consecutive sentences upon them amounted to a "re-sentencing" which is impermissible. We cannot accept this contention. The number of years' imprisonment which appellants would have had to serve for their original convictions, but for their being placed on probation, was not restated or changed in any way by the courts which revoked their probation. The courts which revoked appellants' probation performed the act for the first time, of determining when the original sentences would be served. That act had not yet been performed because the execution of the appellants' sentences had expressly been suspended. There was no duplication of actions between the original sentencing and probation revocation courts. Thus no "re-sentencing" occurred. We interpret that portion of the *Coleman* excerpt which states, "His original sentence is *effective* with the probationary provisions stricken out," [emphasis supplied] as meaning that there is no requirement for a court revoking probation to duplicate the original sentencing court's action by restating the sentence imposed

upon the probationer. The only task remaining to the judges who revoked the appellants' probations was to order the execution of their sentences. *Cf. Bernstein v. United States,* 254 F. 967 (4th Cir. 1918), *cert. denied,* 249 U. S. 604, 39 S. Ct. 260, 63 L. Ed. 798 (1919), wherein a similar distinction was made between the punishment fixed for an offense and the naming of the date when a sentence shall be executed.

Lest appellants forget, we remind them that probation is a matter of grace, not entitlement, which permits a wrongdoer to keep his freedom "as long as he conducts himself in a manner consonant with established communal standards and the safety of society." *Scott v. State,* 238 Md. 265, 275, 208 A. 2d 575 (1965). *See Knight v. State,* 7 Md. App. 313, 255 A. 2d 441 (1969); *Sweeney v. State,* 1 Md. App. 233, 229 A. 2d 141 (1967). Probation should not be allowed to develop into a grant of immunity from punishment.

We conclude that it was within the trial court's discretion to decide whether the appellants' sentences should run concurrently or consecutively. Under the circumstances of these cases there was no abuse of that discretion in requiring those sentences to be served consecutive to the sentences they were serving when probation was revoked. We affirm the decisions of the Court of Special Appeals.

> *Judgments of the Court of Special Appeals affirmed; costs to be paid by appellants.*