ON REHEARING
TYSON, Judge.
On March 14, 1973, Bobby James Richey, appellant, was convicted in Alabama of robbery and sentenced to 12 years’ imprisonment. On March 6,1974, while serving this sentence at the Alabama state cattle ranch, he escaped.
The appellant was subsequently arrested and convicted in Cook County, Illinois, for “possession of a controlled substance” and “assault with intent to murder.” The Illinois trial court sentenced appellant on August 1,1975, to consecutive prison terms for the two Illinois convictions but ordered that they be served concurrently with the Alabama sentence for robbery.
In the meantime, the Alabama Board of Corrections issued a fugitive warrant for appellant, to be used as a “detainer” so that the Alabama authorities would be notified and the appellant would be returned to Alabama at the end of his Illinois prison term. As a result appellant was released to the custody of Alabama officials on September 22, 1978, after being paroled on his Illinois convictions.
On August 22,1979, appellant filed in the Circuit Court of Elmore County, Alabama, a petition for “writ of habeas corpus” (which was amended on November 19, 1979), contending that he should be given credit on his Alabama sentence for the time he was incarcerated in Illinois. After a hearing on this petition, it was duly denied. From this denial of his petition appellant prosecutes this appeal.
This court, as it frequently does, both on original appeal and on post-conviction review, initially affirmed this case without issuing a formal opinion, because, in the opinion of the court, it presented nothing new or novel or any unusual legal questions. Impson v. State, 339 So.2d 1098 (Ala. Cr.App.1976); Craig v. State, 380 So.2d 385 (Ala.Cr.App.1980).
However, because of the earnestness of appellant’s argument on rehearing indicating his desire to further prosecute this appeal, the issues presented, and his request for an opinion pursuant to the provisions of Rule 39(k), Alabama Rules of Appellate Procedure, this opinion follows.
The appellant contends on appeal that his writ of habeas corpus should have been granted and that he should have been given credit for the three and one-half years he spent imprisoned in Illinois, and that he should have been given “good time” credit in Alabama for his good behavior in the Illinois prison system.
I
Initially, the appellant contends that the trial court erred because it did not even *169 consider appellant’s right to a reduction of sentence, but only considered his possible right to immediate release. The facts in this record are to the contrary. (R. 73). The trial court did consider the reduction of the sentence issue.
The appellant further asserts that if it did consider this issue, the trial court erred in not granting him the credits he sought. This assertion is unfounded.
The appellant argues that the Alabama courts should recognize the order of the Illinois trial court which stated that the Illinois sentences would be concurrent with the prior Alabama sentence. There is no rational basis for this argument especially in light of the fact that the crimes committed in Illinois were entirety separate from the robbery in Alabama and were committed while appellant was an escapee from an Alabama institution.
Whatever the Illinois trial court’s justification for ordering concurrent sentences might have been, the Alabama courts are certainly not bound by it. Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970). Of course, the Illinois authorities could have used the order to reduce appellant’s Illinois sentences had appellant been returned immediately to Alabama to finish his imprisonment here first.
The appellant also argues, in the alternative, that the “detainer” filed in Illinois by the Alabama Board of Corrections gave Alabama “constructive custody” and affected appellant’s treatment in the Illinois institutions. There is no evidence in this record, however, that the “detainer” did in fact affect his treatment in Illinois. Furthermore, the “detainer” did not give Alabama “constructive custody” during appellant’s Illinois imprisonment because it did not become effective until appellant’s release from the Illinois institution. Calp v. Warden of Maryland House of Correction, 216 Md. 629, 139 A.2d 506 (1958).
This court has reviewed appellant’s argument and finds the trial court’s denial of his writ of habeas corpus to be entirely proper. There being no error in this record, this cause is hereby affirmed.
AFFIRMED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.