603 A.2d 899

**James Russell TRIMBLE**

v.

**STATE of Maryland.**

**No. 577, Sept. Term, 1991.**

Court of Special Appeals of Maryland.

April 1, 1992.

George E. Burns, Jr., Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Gwynn X. Kinsey, Jr., Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Sandra A. O'Connor, State's

Atty. for Baltimore County, Towson, on the brief), for appellee.

Submitted before MOYLAN, BISHOP, and FISCHER, JJ.

BISHOP, Judge.

Appellant James Russell Trimble appeals the consecutive life sentence imposed by Judge James Smith in the Circuit Court for Baltimore County, pursuant to a remand for re-sentencing ordered by the Court of Appeals after it vacated Trimble's original death sentence. 321 Md. 248, 582 A.2d 794.

## Issue Presented

Whether the circuit court, in re-sentencing Trimble, erred in imposing a consecutive life sentence rather than a life sentence concurrent with the previously imposed sentences?

## Statement of Facts

Trimble was convicted in the Circuit Court for Baltimore County (Hormes, J.), of first degree murder, first degree rape, two counts of first degree sexual offense, two counts of kidnapping, assault, and various other offenses. Trimble was sentenced to death on the murder count, and to two concurrent and one consecutive life terms plus seventy years on the remaining counts. On appeal the death sentence was vacated and the trial court imposed a life sentence consecutive to all previous sentences in the case.

## Discussion

Trimble contends that a death sentence is a concurrent sentence and that replacing it with a consecutive life sentence on remand is an illegal increase in the sentence. We disagree.

■ Maryland Rule 4–345(b) states that a "court may modify or reduce or strike, but may not increase the length of, a sentence" once the sentence has been imposed. Even though a prison sentence is considered to be increased in

length when it is changed from a concurrent to a consecutive sentence, *State v. Sayre,* 314 Md. 559, 562, 552 A.2d 553 (1989), this is not so when a death sentence is replaced by a prison term.

"The penalty of death differs from all other forms of criminal punishment, not in degree but in kind." *Woods v. State,* 315 Md. 591, 605, 556 A.2d 236 (1989) (quoting *Furman v. Georgia,* 408 U.S. 238, 306, 92 S.Ct. 2726, 2760, 33 L.Ed.2d 346 (1972) (Stewart, J., concurring)). Death is the ultimate penalty. There are no other penalties permitted by our legal system which are more severe. Thus, even if the death penalty were a concurrent sentence, a consecutive life sentence would still be a lesser punishment. But death is neither a concurrent nor consecutive sentence. Rather, it is a unique and sole sentence. No other sentence may be served with or after it.

■ As the appellant notes, it is appropriate for us to view each sentence, singly, not the totality of the sentences, when determining the legality of a sentence. *Wilson v. State,* 45 Md.App. 675, 677, 415 A.2d 605 (1980). Like its predecessor discussed in *Wilson,* Md.Rule 4–345, "by its terms, when referring to a sentence, consistently does so in the singular and makes no reference to multiple sentences." *Id.* Thus, we have no authority to lump all the sentences together but rather we look only at the change from the death penalty to a life sentence.

■ In *Woods* the Court of Appeals held that a life sentence without the possibility of parole is not, even relatively, the equivalent of death itself. *Woods,* 315 Md. at 606–07, 556 A.2d 236. Likewise, in the case *sub judice,* we hold that a life sentence with the possibility of parole, even if consecutive, is less severe a punishment than life without parole and is in no way the equivalent of death. It is less severe than life without parole or death, because the convict is alive and able to take advantage of parole should the chance of parole materialize.

It is well settled that a judge has virtually boundless discretion in sentencing and may impose any sentence not in violation of constitutional requirements or statutory limits, or motivated by ill-will, prejudice, or other impermissible considerations. *Woods,* 315 Md. at 604, 556 A.2d 236; *Smith v. State,* 308 Md. 162, 166, 517 A.2d 1081 (1986); *Teasely v. State,* 298 Md. 364, 370, 470 A.2d 337 (1984); *Logan v. State,* 289 Md. 460, 480, 425 A.2d 632 (1981). "This judicial power includes the determination of whether a sentence will be consecutive or concurrent, with the same limitations." *Kaylor v. State,* 285 Md. 66, 70, 400 A.2d 419 (1979) (citations omitted). "[T]he power of the judge to impose consecutive sentences ensures that a person who commits separate and distinct violations of the law receives separate and distinct punishments." *Id.* Since appellant alleges a violation of a statutory limit only, and the sentence in this case was lawfully imposed within the statutory limits, we hold that the judge did not abuse his discretion in sentencing appellant to life imprisonment consecutive to the sentences previously imposed, for the heinous crime of first degree murder.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.