490 A.2d 1311

**Sharon Kay COOK**

v.

**STATE of Maryland.**

**No. 1143, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

April 15, 1985.

John L. Kopolow, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

Stephanie J. Lane, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, Andrew L. Sonner, State's

Atty., and Benjamin Vaughan, Asst. State's Atty. for Montgomery County, Baltimore, on the brief), for appellee.

Submitted Before WEANT, BISHOP and KARWACKI, JJ.

BISHOP, Judge.

In the early morning hours of November 13, 1983, Joseph Creegan, an off duty Howard County Police Officer observed a slow moving Chevrolet traveling southbound in the northbound lane of North Summit Road in Gaithersburg. The vehicle continued traveling on the wrong side of the road, periodically straddling the center line and weaving back into the proper lane. The vehicle finally pulled over and came to a stop on the shoulder of the southbound lane.

Creegan approached the driver, later determined to be appellant Sharon Cook, and asked if she was all right. Creegan, who was in full uniform, found appellant's demeanor strange. Her speech was slurred. She seemed confused, unsure and at times incoherent. For no apparent reason she emptied her purse onto the passenger seat. She also took off her coat, despite extreme cold. Appellant's eyes were glassy and bloodshot. Creegan asked a passing taxi cab driver to summon the Montgomery County Police.

When Officer Picariello arrived he found appellant leaning against her car with a coat on. He conversed with appellant and found her speech slurred and her behavior confused. He did not detect any alcohol on appellant's breath. Based on his observations, the officer had appellant perform certain "field sobriety tests." Appellant could neither recite the alphabet past the letter "m" despite two attempts, nor walk a straight line without swaying. Appellant could not comprehend the officer's request to walk heel to toe. She was also unable to stand on one foot while counting to ten. The officer concluded that she was intoxicated on "something," but he did not know what. Appellant took a breathalyzer test, which measured her blood alcohol level as 0.0%.

After her arrest, police seized a gold straw and razor blade, and thirteen foil packets from her purse. The analysis of the straw and razor blade showed a trace amount of cocaine. The thirteen foil packets contained parsley laced with phencyclodine (P.C.P.).

Based on the events of November 13, appellant was charged with: (1) possession of P.C.P., a controlled dangerous substance, in violation of Md.Ann.Code, art. 27, § 286; (2) possession of paraphernalia with intent to use it to prepare a controlled dangerous substance, in violation of art. 27, § 287A; (3) driving while under the influence of drugs, in violation of Md.Transp.Code Ann. § 21–902(c); and (4) failure to keep right of center, in violation of Transp. § 21–301.

At appellant's jury trial, the State presented evidence of the observations of Mr. Creegan and Officer Picariello. The chemist who analyzed the seized contents of appellant's purse testified that cocaine is a stimulant, which "stimulates the system physiologically and psychologically" and that P.C.P. acts, unpredictably, as either a hallucinogen, stimulant or depressant.

The defense presented no evidence. Its motions for judgments of acquittal on all counts were denied. The jury found appellant guilty of each offense charged. The court sentenced appellant to a total of four years incarceration but suspended that sentence in favor of three years probation, to run consecutively to a sentence appellant was then serving. This appeal followed.

Appellant raises two issues:

I. Evidence that appellant drove a motor vehicle while under the influence of Controlled Dangerous Substances (Trans. Art., § 21–902(c)) fails to support a conviction of the separate offense of driving while under the influence of drugs (Trans. Art., § 21–902(d)).

II. An illegal sentence was imposed for possession of drug paraphernalia.

## I.

Appellant asserts that the evidence presented was legally insufficient to support a conviction for driving under the influence of drugs. Maryland Transportation Code Ann., § 21–902(c) provides, in pertinent part,

A person may not drive or attempt to drive any vehicle while he is so far under the influence of any drug, [or] any combination of drugs ... that he cannot drive a vehicle safely.

(2) It is not a defense to any charge of violating this subsection that the person charged is or was entitled under the laws of this State to use the drug, [or] combination of drugs ... unless the person was unaware that the drug or combination would make him incapable of safely driving a vehicle.

Appellant virtually concedes that the evidence was sufficient to convict under subsection (d) of § 21–902, which provides:

A person may not drive or attempt to drive any vehicle while he is under the influence of any controlled dangerous substance, as that term is defined in Article 27, § 279 of the Code, if the person is not entitled to use the controlled dangerous substance under the laws of this State.

The thrust of appellant's complaint is that § 21–902(c) and § 21–902(d) are "separate crimes." Since "an accused may not be found guilty of an offense not charged," *Claybrooks v. State*, 36 Md.App. 295, 314, 374 A.2d 365, *cert. denied*, 274 Md. 726 (1977), appellant urges us to reverse her conviction. Appellant was convicted of violating § 21–902(c), however, not § 21–902(d). Appellant's argument on appeal only begs the question whether the evidence was sufficient under subsection (c).

In reviewing the refusal of the trial judge to grant a motion for judgment of acquittal in a jury case, it is our limited function to determine whether the evidence shows directly or supports a rational inference of the facts to be

proved, from which the jury could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged. *Vuitch v. State,* 10 Md.App. 389, 271 A.2d, 371 (1970).

*Cranford v. State,* 36 Md.App. 393, 397–8, 373 A.2d 984 (1977).

In 1975, the Legislature amended the impaired driving laws, which at that time were codified as Art. 66½, § 11–902.[1] Prior to the amendment, § 11–902(c), the predecessor of present § 21–902(c), read as follows:

> It shall be unlawful for any person to drive or attempt to drive ... any vehicle within the State where he is under the influence of any narcotic drug or while under the influence of any other drug to a degree which renders him incapable of safely driving a vehicle. The fact that any person charged with a violation of this section is or has been entitled to use the drug under the laws of this State shall not constitute a defense ... unless such person was unaware that the drug would render him incapable of safely driving a vehicle.

Md.Ann.Code 1957, art. 66½, § 11–902(c) (1970 Repl.Vol.) (emphasis added).

The 1975 amendment to § 11–902(c) added the present prohibitions against driving under the influence of a combination of drugs or a combination of drugs and alcohol, but deleted the crime of driving under the influence of "any narcotic drug." At the same time, the Legislature enacted a new section 11–902(d), the predecessor of present § 21–902(d), and made it a crime to drive "under the influence of *any controlled dangerous substance* ...."

■■ We think it reasonable to infer from the 1975 amendment that the Legislature intended to create a separate mechanism for prosecuting individuals who drive under

---

1. The Legislature repealed Article 66½ and recodified its provisions into a new Transportation Article. 1977 Laws of Maryland, Ch. 14.

the influence of particular drugs. *See* 1975 Md.Laws Ch. 433, p. 2368. While under § 21–902(d), the State must prove that the influencing drug is a controlled dangerous substance, as defined by the code, it *need not* show the required element of § 21–902(c) that the drug so impaired the accused that he was unable to drive safely. Thus, the Legislature made it an offense simply to drive under the influence of a controlled dangerous substance, where the driver is not entitled to use the substance. In our opinion, nothing in the statute or its underlying intent precludes the State from proceeding under § 21–902(c), merely because a drug may be classifiable as a controlled dangerous substance, provided it is prepared to prove the additional statutory element of unsafe operation. *See generally* Opinion No. 83–016 (May 2, 1983) (to be published at 68 Opinions of the Attorney General —— (1983)).

■ Even assuming *arguendo*, that subsection (c) was designed to cover primarily those driving offenses involving the use of over-the-counter and prescription drugs, it does not automatically follow that the Legislature intended to *exclude* from the subsection all those driving offenses involving the use of more dangerous and heavily controlled substances.[2] Carried to its logical conclusion, appellant's interpretation would permit a driver to escape prosecution and conviction under § 21–902(c) whenever the impairing drugs also happen to be controlled dangerous substances, even though there is proof that the accused was so far under the influence of drugs that his ability to drive safely was impaired. Such an interpretation would distort the plain language of 21–902(c) and fly in the face of the obvious intent of § 21–902 to deter driving under the influence of intoxicating substances.

The cardinal rule of statutory construction is to ascertain and effectuate the actual intent of the Legislature.

---

**2.** In fact most of the drugs enumerated in Art. 27, § 279 have, in varying degrees, an approved medical use. See generally, §§ 279(b) and (c).

Statutes are to be construed reasonably and with reference to the purposes to be accomplished.

*E.g., Montgomery v. State,* 292 Md. 155, 159, 438 A.2d 490, 491 (1981); *Howard County Ass'n For Retarded Citizens, Inc. v. Walls,* 288 Md. 526, 530, 418 A.2d 1210, 1213 (1980); *Comptroller of the Treasury v. John C. Louis Co.,* 285 Md. 527, 538–39, 404 A.2d 1045, 1052–53 (1979).

.     .     .     .     .

[N]either statutory language nor legislative intent can be stretched beyond a fair implication of the statute's words or its purpose. *Chillum-Adelphi,* 247 Md. [373] at 377, 231 A.2d [60] at 62 [1967].

*Soper v. Montgomery County,* 294 Md. 331, 335, 449 A.2d 1158 (1982).

■ In the case *sub judice,* the State presented evidence from which a jury could fairly conclude that appellant was incapable of driving safely due to the influence of either cocaine, P.C.P. or both. Appellant does not deny that cocaine and P.C.P. are "drugs" within the commonly understood meaning of the word. *See* Webster's Third New World International Dictionary, p. 695.[3] We therefore hold that the evidence was sufficient to sustain her conviction under § 21–902(c).[4]

## II.

■ Appellant also urges us to vacate the sentence imposed for possessing paraphernalia in violation of Art. 27,

---

**3.** Webster, defines drug, in part, as any "substance intended to affect the structure or function of the body of man or other animals," and as "a narcotic substance." See also Blacks Law Dictionary p. 446 (5th ed. 1979).

**4.** Appellant did not raise any issue below of a defect in the charging document. Appellant also did not object to the judge's instructions to the jury that, as the judges of the law of the crime, it could determine whether "drug" as used in § 21–902(c) encompassed "controlled dangerous substances" as used in § 21–902(d).

§ 287A. The court sentenced appellant to four years incarceration (suspended); however, under § 287A, the maximum sentence for a first offender is a $500.00 fine. Appellant correctly contends that a sentence in excess of statutory limits is illegal. *See Kaylor v. State,* 285 Md. 66, 69, 400 A.2d 419 (1979). Although appellant failed to object below, in accordance with *Walczak v. State,* 302 Md. 422, 488 A.2d 949 (1985), we vacate the sentence imposed on appellant for violating Art. 27, § 287A and remand the case for the imposition of a legal sentence.

CONVICTION UNDER ARTICLE 27, § 287A AFFIRMED, SENTENCE VACATED, CASE REMANDED FOR IMPOSITION OF LEGAL SENTENCE; ALL OTHER JUDGMENTS AFFIRMED.

COSTS TO BE PAID ⅔ BY APPELLANT, ⅓ BY MONTGOMERY COUNTY.