508 A.2d 1002

**Woodrow Raymond SAVOY**

v.

**STATE of Maryland.**

**No. 1187, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

May 15, 1986.

Victoria S. Keating, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Jillyn K. Schulze, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, Warren B. Duckett, Jr., State's Atty. for Anne Arundel County, and Frank R. Weathersbee, Deputy State's Atty. for Anne Arundel County, on brief, Annapolis), for appellee.

Submitted before MOYLAN, BISHOP and ROBERT M. BELL, JJ.

BISHOP, Judge.

After a bench trial in the Circuit Court for Anne Arundel County, appellant, Woodrow Raymond Savoy, was convicted of two counts of manslaughter under Md.Ann.Code art. 27, § 388 (1985 Cum.Supp.) and sentenced to two consecutive five year terms. Appellant asks whether the court erred in imposing two consecutive sentences upon conviction of two counts of manslaughter where the deaths arose out of a single incident of grossly negligent driving.

At trial appellant agreed to proceed on a not guilty statement of facts as to the two counts of manslaughter. Appellant offered no evidence in defense of the charges, and was found guilty on both counts. At sentencing, appellant argued in mitigation that any sentences imposed should

not run consecutively since all charges resulted from one incident. The court was unpersuaded and sentenced appellant to the statutory maximum of five years on each count, time to run consecutively.

## ANALYSIS

■ Appellant contends that the trial court's imposition of consecutive five year sentences constitutes an illegal sentence. Although no objection to the sentences was raised below, we nevertheless address the merit of appellant's contention since the issue of an illegal sentence should ordinarily be reviewed on direct appeal even if no objection was made in the trial court. *See Walczak v. State,* 302 Md. 422, 427, 488 A.2d 949 (1985); *Loud v. State,* 63 Md.App. 702, 708 n. 3, 493 A.2d 1092, *cert. denied,* 304 Md. 299, 498 A.2d 1185 (1985); *Cook v. State,* 62 Md.App. 634, 643, 490 A.2d 1311 (1985).

■ In appellant's view, despite the occurrence of two deaths, only one sentence is permissible under art. 27, § 388 because only one incident of grossly negligent driving took place. In support of this view, appellant argues that it is unclear whether the legislative intent of art. 27, § 388 is punishment for each death caused or punishment for each act of grossly negligent driving resulting in death, regardless of the number of victims. Because of this alleged uncertainty, he asserts that the rule of lenity mandates Maryland courts to interpret art. 27, § 388 consistent with his reading of the statute. We hold that appellant's argument is without merit and that the legislative intent of art. 27, § 388 is clearly to create a separately punishable offense for each death resulting from an offender's grossly negligent driving.

Section 388 provides:

Every person causing the death of another as the result of the driving, operation or control of an automobile, motor vehicle, motorboat, locomotive, engine, car, streetcar, train or other vehicle in a grossly negligent manner,

shall be guilty of a misdemeanor to be known as "manslaughter by automobile, motor vehicle, motorboat, locomotive, engine, car, streetcar, train or other vehicle," and the person so convicted shall be sentenced to jail or the house of correction for not more than 5 years, or be fined not more than $1,000.00 or be both fined and imprisoned.

In any indictment or warrant for manslaughter by automobile, motor vehicle, motorboat, locomotive, engine, car, streetcar, train or other vehicle, it shall not be necessary to set forth the manner and means of death. It shall be sufficient to use a formula substantially to the following effect: "That A–B on the ... day of ..., nineteen hundred and .. at the County (City) aforesaid, unlawfully, in a grossly negligent manner did kill or slay C–D."

In interpreting this section, the cardinal rule of statutory construction is to determine the legislative intent. *Reid v. State,* 302 Md. 811, 816, 490 A.2d 1289 (1985); *Willis v. State,* 302 Md. 363, 374, 488 A.2d 171 (1985); *Barter Systems, Inc. v. Rosner,* 64 Md.App. 255, 267, 494 A.2d 964 (1985). Although there is no case law addressing the precise issue raised here with respect to art. 27, § 388, we note that multiple convictions and sentences resulting from a single incident of grossly negligent driving have occurred under this section. *See, e.g., Willis v. State,* 302 Md. 363, 369, 488 A.2d 171 (1985) (two convictions under § 388, total sentence of five years); *State v. Moon,* 291 Md. 463, 464–65, 436 A.2d 420 (1981) (two convictions and maximum sentences under § 388, sentences running concurrently); *Boyd v. State,* 22 Md.App. 539, 540, 323 A.2d 684, *cert. denied,* 272 Md. 738 (1974) (same); *Cf. Loscomb v. State,* 45 Md. App. 598, 615–16, 416 A.2d 1276 (1980), *aff'd,* 291 Md. 424, 435 A.2d 764 (1981). Furthermore, a number of factors indicate that the previous cases and the case *sub judice* properly interpret art. 27, § 388 as permitting separate consecutive sentences for each death resulting from a single act of grossly negligent driving.

First, a common sense reading of art. 27, § 388 reveals that the gravamen of the offense is punishment of an individual for causing death, through the instrumentality of driving in a grossly negligent manner. The legislature placed the statute in the criminal code with other statutes protecting life, and not in the transportation article dealing with traffic control. Second, the plain language of the statute is in the singular using the words "death of another," and not "death of others." Since it is manifestly apparent that a single grossly negligent act may involve several victims, use of the singular "death of another" in the statute evinces a clear legislative intent to impose separate punishment for each victim killed, and not, as appellant argues, for each incident of negligent driving.

■ Furthermore, we have held that where a single criminal incident results in multiple victims, the number of victims can determine the number of violations. *See, e.g., Jackson v. State,* 63 Md.App. 149, 157–59, 492 A.2d 346 (1985) (defendant firing one shot at two officers convicted of two counts of assault); *Jones v. State,* 3 Md.App. 608, 240 A.2d 347, *cert. denied,* 251 Md. 750 (1968), 394 U.S. 993, 89 S.Ct. 1484, 22 L.Ed.2d 769 (1969) (defendant robbing grocery store convicted of assault and/or robbery for each customer present in store). Moreover, where a defendant is convicted of two crimes, he is subject to a penalty for each. *Jackson, supra,* [63 Md.App.] at 159, 492 A.2d 346.

Other jurisdictions recognize overwhelmingly that each death arising from a single incident of vehicular manslaughter is a separate punishable offense. *See, e.g., State v. McFadden,* 320 N.W.2d 608, 618 (Iowa 1985) (list of states adopting a multiple conviction and multiple sentence approach). *See also, Scott v. State,* 473 So.2d 1167, note at 1176–77 (Ala.Crim.App.1985) (arson case listing states adopting multiple conviction and multiple sentence approach in various crimes including vehicular offenses).

■ In light of the foregoing considerations, we hold that the clear legislative intent of art. 27, § 388 is to create

separately punishable offenses for each death resulting from an incident of grossly negligent driving. As a result of this holding, the rule of lenity is inapplicable to the present case because that rule applies only where legislative intent is unclear. *Johnson v. State,* 56 Md.App. 205, 212–16, 467 A.2d 544 (1983), *cert. denied,* 299 Md. 136, 472 A.2d 999 (1984).

JUDGMENT AFFIRMED;

COSTS TO BE PAID BY APPELLANT.