524 A.2d 805

**CHESAPEAKE RANCH CLUB, INC.**

v.

**Michael S. GARCZYNSKI, et al.**

**No. 1705, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

May 6, 1987.

Bruce G. Harris (Paul M. Vettori and Frank, Bernstein, Conaway & Goldman, on the brief), Baltimore, for appellant.

No brief or argument by appellees' counsel.

Argued before GILBERT, C.J., and BLOOM and POLLITT, JJ.

POLLITT, Judge.

The sole question presented by this appeal is whether the Maryland Contract Lien Act, Maryland Code (1981 Repl. Vol., 1986 Cum.Supp.) §§ 14–201 et seq. of the Real Property Article (the Act), applies to property other than and in addition to condominium units. We hold that it does and shall reverse the judgment of the Circuit Court for Calvert County.

Chesapeake Ranch Club is a privately owned, residential community consisting of approximately 5,000 separate lots, a private road system and recreational facilities. The developer of the community, Chesapeake Ranch Club, Inc. (CRC),

recorded among the land records of Calvert County a Declaration of Protective Covenants providing, among other things, that each lot owner must pay to CRC a yearly road fee and become a member of the Ranch Club. Upon joining the club, each member agreed to pay annual dues.[1]

Appellees were successive owners of a lot in the Ranch Club. Because they had not paid all road fees and membership dues, CRC notified them, pursuant to § 14–203(a) of the Act, of its intent to impose a lien on the lot. Appellees then filed a complaint in the circuit court, pursuant to § 14–203(c), to determine whether probable cause existed for the establishment of the lien. The complaint alleged numerous reasons why the lien should not be imposed. The circuit court held

> that the act applies to condominium property only and having so decided, we need not consider the sub-issues which are rendered moot by this decision.

Whereupon, the court

> ORDERED, that the Maryland Contract Lien Act is not a basis for imposition of a lien to collect dues and fees due under a covenant running with the land in the Chesapeake Ranch Club, and that such lien is thereby denied.

The cardinal rule of statutory construction is to ascertain and effectuate the actual intent of the Legislature. Statutes are to be construed reasonably and with reference to the purposes to be accomplished. *Cook v. State*, 62 Md. App. 634, 490 A.2d 1311 (1985). If the language of the statute is clear and unambiguous, then we need look no further. *Erwin & Shafer, Inc. v. Pabst Brewing Co.*, 304 Md. 302, 498 A.2d 1188 (1985). If it is unclear and ambiguous, we seek other aids in uncovering the legislative intent or in recognizing the legislative purpose. *Bd. of Examin-*

---

1. In *Chesapeake Ranch Club v. CRC Members*, 60 Md.App. 609, 483 A.2d 1334 (1984), it was undisputed that the covenants concerning the road fee "run with the land." *See Wehr v. Roland Park Co.*, 143 Md. 384, 122 A. 363 (1923). We held that the annual membership fee was enforceable on general contract principles.

*ers In Optometry v. Spitz,* 300 Md. 466, 479 A.2d 363 (1984). Absent a clear indication to the contrary, a statute, if reasonably possible, is to be read so that no word, clause, sentence or phrase is rendered surplusage, superfluous, meaningless or nugatory. *City of Baltimore v. Hackley,* 300 Md. 277, 477 A.2d 1174 (1984).

Section 14–201 of the Act reads, in part:

(a) *In general.*—In this subtitle the following words have the meanings indicated unless the context requires otherwise.

(b) *Contract.*—(1) "Contract" means a real covenant running with the land or a contract recorded among the land records of a county or Baltimore City.

(2) "Contract" *includes* a declaration or bylaws recorded under the provisions of the Maryland Condominium Act.

(c) *Damages.*—(1) "Damages" means unpaid sums due under a contract, plus interest accruing on the unpaid sums due under a contract or as provided by law, *including* fines levied under the Maryland Condominium Act. (emphasis added)

Section 14–205 states:

The provisions of this subtitle do not apply to land installment contracts or to deeds of trust or mortgages on property in this State.

Based on these sections, and on its interpretation of the preamble to the Act (which we shall discuss *infra* ), the trial court, applying the maxim *expressio unius est exclusio alterius,* determined that the Act applies only to condominium liens.

But this maxim, meaning that the expression of one thing implies the exclusion of another thing not mentioned, is not a rule of law, but merely an auxiliary rule of statutory construction applied to assist in determining the intention of the Legislature where such intention is not manifest from the language used. It should be used with

caution, and should never be applied to override the manifest intention of the Legislature....

*Kirkwood v. Provident Savings Bank,* 205 Md. 48, 55, 106 A.2d 103, 107 (1954).

The language of the statute is clear and unambiguous. Had the Legislature intended the word "contract" to mean *only* a declaration or bylaws recorded under the provisions of the Maryland Condominium Act, or the word "damages" to mean *only* fines levied under that Act, it could have so written the statute. To *include* those items is to consider them as a *part* of the whole. If the Act applied only to condominium declarations or bylaws, the exclusion therefrom of land installment contracts, deeds of trust and mortgages would be unnecessary and meaningless. *See City of Baltimore v. Hackley, supra.* Further evidence of the clear legislative intent is found in the placing of the Maryland Contract Lien Act as a separate subtitle in Title 14 (Miscellaneous Rules) of the Real Property Article and not as a part of Title 11, the Maryland Condominium Act.

With reference to the preamble to the Act, the trial court said:

Any misconstruction of this Act is eliminated by Legislative directives indicating that the Act was created to provide "that certain assessments constitute liens on certain condominium units...."

Preliminarily we note that, since the meaning of the statute is not doubtful, it was unnecessary that the trial court refer to the preamble. *Clarke v. County Comm'rs,* 270 Md. 343, 311 A.2d 417 (1973). Proper reference to the preamble discloses, however, that the Act expressed several purposes, one of which was "the purpose of *repealing* a provision of law providing that certain assessments constitute liens on certain condominium units." The Act had a dual function: (1) to repeal and reenact, with amendments, § 11–110 of the Maryland Condominium Act, removing from that section the provisions for imposition and enforcement of liens, and (2) to enact a new subtitle, the Maryland

Contract Lien Act, §§ 14–201 through 14–206. Ch. 736, Laws of 1985.

The language of the statute being clear, it likewise is unnecessary to refer to the legislative history of the bill.[2]

We hold that the Act is applicable to the lien attempted to be imposed by appellant on the land of appellees. Since that is the only question before us in this expedited appeal and was the only issue decided by the trial court, we express no opinion as to the other issues raised therein.

JUDGMENT REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR CALVERT COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY APPELLEES.

---

2. We note, nevertheless, that both the Summary of Committee Report and the Bill Analysis, prepared by the Department of Legislative Reference for the Senate Judicial Proceedings Committee, declare that the purpose of the bill was to give condominiums, homeowners associations, business parks and similar entities an enforceable means of collecting assessments from delinquent unit owners or members.