John L. BARRINGER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 21020.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 5, 1968.

Decided March 12, 1968.

Petition for Rehearing Denied
June 26, 1968.

Certiorari Denied Jan. 20, 1969.
See 89 S.Ct. 697.

Mr. J. Bruce Kellison, Washington, D. C. (appointed by this court) for appellant. Mr. Francis T. Coleman, Jr., Washington, D. C., also entered an appearance for appellant.

Mr. James E. Kelley, Jr., Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker and Nicholas Nunzio, Assistant United States Attorneys, were on the brief, for appellee.

Before WRIGHT, McGOWAN and TAMM, Circuit Judges.

PER CURIAM:

With the help of an accomplice, appellant, armed with a gun, entered a corner grocery store where they confronted the proprietor and his wife with the gun. They obtained $15.00 from

18. Hudson v. Lazarus, 95 U.S.App.D.C. 16, 217 F.2d 344 (1954).

the proprietor's pocket, and $35.00 from the cash register, $19.00 of which was delivered by the wife at the husband's direction. In the course of trying to effect his escape in the street outside the store after the robbery was completed, appellant shot and wounded a policeman.

The indictment charged, in separate counts, robbery of the owner and robbery of his wife. It also contained two counts of assault with a dangerous weapon on the proprietor and his wife, assault on a member of the police force with a dangerous weapon, assault with intent to kill, malicious destruction of another's movable property, and the carrying of a concealed weapon. Upon conviction on all counts, an intricate pattern of consecutive and concurrent sentences was imposed, resulting in a total sentence of from 12 to 36 years.

■ The only serious questions put forward on this appeal relate to the robbery convictions. It is urged, first, that the proof justified conviction of robbery only in the case of the proprietor. Our examination of the record, however, indicates that the record supports conviction for robbing the wife as well. The second issue is that of whether consecutive sentences could be validly imposed in respect of these two counts. Unless remanded for resentencing, see Davenport v. United States, 122 U.S.App.D.C. 344, 353 F.2d 882 (1965), the allowance of this claim of error would result in a total sentence of from 9 to 27 years.

■■ We are not persuaded that the rule of lenity necessitates the invalidation of these consecutive sentences. Appellant has placed primary reliance on Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955), where the Supreme Court nullified consecutive punishments for the interstate transportation of two women on the same trip and in the same vehicle for immoral purposes. Although the ambiguity which called the rule of lenity into play in that case was not explained in the opinion, evidently the Court was uncertain whether the principal design of the Mann Act was to protect each woman carried across state lines, or rather to strike generally at the business of white slave trading and in particular at its use of interstate transportation facilities. Elsewhere the Supreme Court.has clearly indicated that where the principal legislative purpose is the protection of individual victims, the rule of lenity does not obtain. Ladner v. United States, 358 U.S. 169, 174, 79 S.Ct. 209, 3 L.Ed. 2d 199 (1958); Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151 (1915). Since there is no doubt that the robbery statute was designed to safeguard individual citizens from being robbed, we do not think that the District Court was wholly lacking in power to impose consecutive sentences in respect to the robbery charges here.

The power to impose consecutive sentences is not, however, the same as wisdom in its exercise. The Supreme Court's rule of lenity itself is essentially a response to this problem, as is also the mounting pressure for appellate review of sentences. Here, the robbery at gunpoint and the assault upon the policeman obviously invited separate and severe punishments which could have approximated the total sentences actually imposed. In the face of the existence of the rule of lenity and the difficulties inevitable in its application, see, e. g., Irby v. United States, 129 U.S.App.D.C. 17, 390 F.2d 432 (1967), the making of the robbery sentences consecutive achieved little except to build in a possible error in an appeal otherwise lacking in substance. Whatever else this may be, it is not the most economic employment of already straitened judicial resources.

Affirmed.