ROBERT WESLEY SMITH, ROBERT JOHN YOUNG,
GUY THURSTON MARSHALL AND FRED
GRAVES A/K/A SAMUEL EDWARD BROWN
*v.* STATE OF MARYLAND

[No. 90, September Term, 1974.]

*Decided October 18, 1974.*

The cause was argued before ORTH, C. J., and MOYLAN and
GILBERT, JJ.

*Henry J. Monahan, Assigned Public Defender*, for appellant.

Submitted on brief by *Francis B. Burch, Attorney General, Martin M. Mrozinski, Assistant Attorney General* and *Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Joseph C. Sauerwein, Deputy State's Attorney for Prince George's County,* for appellee.

ORTH, C. J., delivered the opinion of the Court.

On 13 March 1973 five men engaged in a holdup at the Canteen Corporation in Landover, Maryland. A silent alarm was actuated and the police arrived, surprising the robbers on the premises *flagrante delicto.* A gun battle ensued. One of the felons was killed and the other four, ROBERT WESLEY SMITH, ROBERT JOHN YOUNG, GUY THURSTON MARSHALL, and FRED GRAVES, also known as Samuel Edward Brown, were apprehended.

The apprehended felons were jointly indicted by the Grand Jury for Prince George's County. The true bill returned presented charges in 117 counts. There were twenty-six victims of the holdup — twenty-five individuals and the Canteen Corporation, which was the subject of a grand larceny. According to the charges set out, all the individuals were assaulted with the intent to murder them, twenty-four were assaulted and beaten, twenty-three were robbed at gun point and falsely imprisoned, twelve were assaulted with an intent to maim them, and seven were kidnapped. Two of the counts charged violations of the handgun law set out in Code, Art. 27, § 36 B. As a result of plea bargaining, each accused pleaded guilty in the Circuit Court for Prince George's County under certain counts. The pleas were accepted and convictions rendered. The judgments were as follows:

SMITH:
Count 22 — robbery of Howard Dillard with a deadly weapon; 20 years;

Count 7 — assault upon Nancy Weaver with intent to murder; 15 years consecutive to sentence under count 22;

Count 37 — false imprisonment of Gwendolyn Post; 10 years consecutive to sentence under count 7;

Count 117 — use of a handgun in the commission of a crime of violence; 15 years consecutive to the sentence under count 37.

YOUNG:

Count 1 — robbery of Edward Foley with a deadly weapon; 20 years;

Count 28 — robbery of Leonard Kirk with a deadly weapon; 20 years consecutive to the sentence under count 1;

Count 76 — false imprisonment of John Ray; 10 years consecutive to the sentence under count 28.

MARSHALL:

Count 11 — robbery of Raymond Johnson with a deadly weapon; 20 years;

Count 78 — robbery of John Robinson with a deadly weapon; 20 years consecutive to the sentence under count 11;

Count 87 — false imprisonment of Paul Taylor; 10 years consecutive to sentence under count 78.

GRAVES:

Count 94 — robbery of Constantin Ionescu with a deadly weapon; 20 years;

Count 44 — robbery of Eleanor Miller with a deadly weapon; 20 years consecutive to the sentence under count 94;

Count 63 — false imprisonment of William Dove; 10 years consecutive to the sentence under count 44.

The counts remaining as to each accused were disposed of by the entry of a *nolle prosequi.* Each appealed.

None of the appellants attacks on appeal the judicial confessions he made by his guilty pleas. Thus, there is no need to repeat in detail the violent acts perpetrated in the commission of the crimes. The facts were recounted to the trial court and provided the basis for the pleas. We do note, however, some of the remarks the prosecutor made at the penalty stage of the proceedings:

> "These defendants had no mercy on anyone. They struck, they attempted to kill, they attempted to maim, they attempted to do anything that they could to destroy these people at their will. They all came in together, they were all armed, they all had a common design, they all had the purpose to do what they could in order to rob others and then to destroy at their will."

He characterized the incident as "a vicious blood bath". On the evidence proffered, the characterization was not unfair.

I

Young, Marshall and Graves claim that the trial court abused its discretion in imposing consecutive sentences on the armed robbery convictions. The general rule is that the imposition of sentence in a criminal case is within the discretion of the trial judge and, if within the statutory limits, will not be disturbed on appeal in the absence of a showing that it was dictated, not by a sense of public duty, but by passion, ill will, prejudice or other unworthy motive. *Johnson v. State*, 9 Md. App. 37, 40, *cert. denied* 258 Md. 728; *Love and Matthews v. State*, 6 Md. App. 639, 644. Cf. *State ex rel Sonner v. Shearin*, 272 Md. 502. Further, it is firmly established that punishment is not cruel and unusual because sentences are imposed to run consecutively. *Bieber v. State*, 8 Md. App. 522, 548.

Appellants take a different tack. They rely on *United States v. Alexander*, 471 F. 2d 923 (D.C. Cir. 1973) to

support their claim. They quote the holding of the court, at 933-934:

"We hold, therefore, that where by a single act or course of action a defendant has put in fear different members of a group towards which the action is collectively directed, he is guilty of but one offense. Multiple convictions and consecutive sentences will be appropriate only where distinct, successive assaults have been committed upon the individual victims."

The fact of the matter is, however, that *Alexander*, concerned not with robbery but with assault, does not say what appellants would have it say. Alexander and two companions were involved in a shooting fray in which two members of the opposing party were killed and four survived. It was established that, although Alexander brandished a pistol during the fracas, he did not fire it. He was separately convicted of four counts of assault with a dangerous weapon for assaulting each of the four survivors, and the trial judge made the sentences on three of the four counts consecutive to one another. Alexander claimed that the evidence did not justify a finding that he assaulted each of the four survivors individually, and that, accordingly, he could have been convicted of but one offense of assault. It was on this factual posture that the court ruled.

Even if we found the rationale of the *Alexander* holding persuasive, it would not govern the case here. In reaching the decision in *Alexander*, the court found it necessary to distinguish the holding in *Barringer v. United States*, 130 U.S.App. D.C. 186, 399 F. 2d 557 (1968), *cert. denied* 393 U. S. 1057 (1969). In *Barringer* consecutive sentences for robbery of a store owner and his wife at the same time, in the same place, were upheld. The majority opinion in *Alexander* [1] pointed out, at 932, that the *Barringer* court justified its holding by stating:

---

1. McGowan, J. dissented. On the authority of *Barringer*, he did not agree that the consecutive sentences were improper.

" [T]he Supreme Court has clearly indicated that where the principal legislative purpose is the protection of individual victims, the rule of lenity does not obtain. Ladner v. United States, 358 U.S. 169, 174 [79 S.Ct. 209, 3 L.Ed.2d 199] (1958); Ebeling v. Morgan, 237 U.S. 625 [35 S.Ct. 710, 59 L.Ed. 1151] (1915). Since there is no doubt that the robbery statute was designed to safeguard individual citizens from being robbed, we do not think that the District Court was wholly lacking in power to impose consecutive sentences in respect to the robbery charges here."

There is another theme under which the imposition of consecutive sentences is justified. *Ebeling v. Morgan, supra,* cited in *Barringer,* pointed toward it. The opinion of the court in *Alexander,* discussed it, at 932:

"Ebeling pleaded guilty to six counts of tearing or cutting mail bags of the United States used in conveyance of the mails, with intent to steal the contents. Each count concerned a separate bag, and Ebeling received consecutive sentences on five of the counts. The Supreme Court affirmed. Although the Court said ' [I]t was the intention of the lawmakers to protect each and every mail bag from felonious injury and mutilation,' it immediately continued:

Whenever any one mail bag is thus torn, cut, or injured, the offense is complete. Although the transaction of cutting the mail bags was in a sense continuous, the complete statutory offense was committed every time a mail bag was cut in the manner described with the intent charged.

This theme of distinct, successive offenses is consistent with the result in *Barringer,* for separate acts were necessary in that case to take different

amounts of money from the owner and then from his wife."

See *United States v. Hodges*, 436 F. 2d 676 (10th Cir. 1971); *Vera v. Beto*, 422 F. 2d 1052 (5th Cir. 1970). It is clear that *Alexander* does not support appellants' contention. Although robbery is a crime in Maryland under the common law with the penalty fixed by statute, *Darby v. State*, 3 Md. App. 407, 413, its origins in the common law indicate that the significance of making the act of stealing of personal property from a person by violence a crime was for the protection of the private property of individual victims.[2] But in any event, the theme of distinct, successive offenses leads to the conclusion here that consecutive sentences upon conviction of robbing different persons were proper. As in *Barringer* and as recognized in *Alexander*, separate acts were necessary to take different amounts of money from the various victims.

Appellants also call our attention to *Bell v. United States*, 349 U. S. 81, relying "strongly" on it. Bell pleaded guilty to violations of the Mann Act laid in two counts, each referring to a different woman. He transported the two women on the same trip and in the same vehicle. He was sentenced to consecutive terms on each of the counts. He claimed he had committed only a single offense and could not be subject to cumulative punishment. The District Court rejected this conception of the statute, the Court of Appeals affirmed, but the Supreme Court reversed. The decision was bottomed on legislative intent. The Court had no doubt that Congress could make the simultaneous transportation of more than one woman in violation of the Mann Act liable to cumulative punishment for each woman so transported, but it thought that Congress had not done so clearly and without ambiguity. We find *Bell* to be inapposite. We have not the slightest difficulty in determining that in fixing the penalty for robbery and robbery with a deadly weapon, the Legislature intended no bar to cumulative

---

**2.** Blackstone discusses robbery in Book IV under chapter XVII, entitled "Of Offenses Against Private Property".

punishment for each victim robbed. The rule of lenity is not invoked.[3]

Appellants suggest that we resolve the issue by adopting "the Majority Rule as proposed by the Maryland Commission on Criminal Law, Part I, Section 70.25, that sentences be concurrent", thus eliminating consecutive sentences. This is not now the law of Maryland, and we are not persuaded to anticipate that it will become the law.

We hold that the consecutive sentences were validly imposed.

## II

All the appellants contend that "the trial court abused its discretion in imposing consecutive sentences, where the conviction of false imprisonment was merged, under the modern doctrine of merger, into the conviction of robbery with a deadly weapon." [4]

---

3. We said in *Bieber v. State, supra,* at 548, that "the 'rule of lenity' . . . is not recognized in this jurisdiction even if it would be otherwise applicable."

4. Actually what the trial judge did in imposing punishment was to sentence each appellant to 20 years upon a conviction of armed robbery. Then in sentencing upon additional convictions he made subsequent sentences consecutive only to the sentence immediately preceding it. Although it is correct with respect to each of Young, Marshall and Graves, that the sentence for false imprisonment ran consecutively to the sentence imposed for an armed robbery, with respect to Smith the sentence for false imprisonment did not run consecutively to the sentence for armed robbery. As we have set out, Smith was sentenced to 20 years for the armed robbery of Howard Dillard, to 15 years for the assault with intent to murder Nancy Weaver to run consecutive to the robbery sentence, to 10 years for the false imprisonment of Gwendolyn Post to run consecutive to the assault sentence, and to 15 years for the handgun violation to run consecutive to the false imprisonment sentence. The effect would be that if the judgment on the assault conviction were reversed or vacated, the sentence on the robbery conviction and the sentence on the false imprisonment conviction would run concurrently with each other, there being no existing sentence to which the false imprisonment sentence was designated to run consecutively. The rule of the common law was that, in the absence of any statute, if it is not stated in either of two sentences imposed at the same time that one of them shall take effect at the expiration of the other, the two periods of time will run concurrently, and the two punishments executed simultaneously. 5 *Wharton's Criminal Law and Procedure,* § 2214 (Anderson, 1957); Annotation: When sentences imposed by same court run concurrently or consecutively; and definiteness of direction with respect thereto. 70 A.L.R. 1511. Compare Code, Art. 41, § 123. See Annotation: Effect of invalidation of sentence upon separate sentence which runs consecutively. 68 A.L.R.2d 712.

The obvious answer to the contention is that no question of merger of offenses is involved here. Each of the crimes of which the appellants were found guilty was committed against a different victim. The offenses, therefore, were separate and distinct. None necessarily involved the others; the facts necessary to the proof of one offense were not essential ingredients in the proof of the other. It is this which we have found to be the true test of the modern concept of merger of offenses. *Parker v. State,* 7 Md. App. 167, 195; *Massey v. State,* 7 Md. App. 615, 618; *Tender v. State,* 2 Md. App. 692, 700.

We conclude as to each appellant that there was no merger of offenses. We find that the trial judge did not abuse his discretion in the imposition of sentences.

*Judgments affirmed.*