**Edward THOMAS, # 127–693, Appellant,**

v.

**WARDEN, MARYLAND STATE PENITENTIARY, Appellee.**

**No. 81–6753.**

United States Court of Appeals, Fourth Circuit.

Argued April 1, 1982.

Decided July 2, 1982.

Alan I. Baron, and Andrew D. Levy, Third Year Law Student (Finley, Kumble, Wagner, Heine, Underberg & Casey, Washington, D. C., and Frank, Bernstein Conaway & Goldman, Baltimore, Md., on brief), for appellant.

Alexander L. Cummings, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., of Maryland, Baltimore, Md., on brief) for appellee.

Before WINTER, Chief Judge, HAYNS-WORTH, Senior Circuit Judge, and PHILLIPS, Circuit Judge.

JAMES DICKSON PHILLIPS, Circuit Judge:

Edward Thomas, serving five consecutive ten-year sentences imposed by a Maryland state court for his conviction on four counts of armed robbery and one of assault on a police officer, petitioned the United States District Court for habeas corpus relief under 28 U.S.C. § 2254. He claimed that the imposition of consecutive sentences for his conviction on three separate counts of armed robbery of three different bank tellers during the course of a single episode of bank robbery violated his double jeopardy rights. The district court rejected that claim and dismissed the petition.[1] We affirm.

I

On February 17, 1973, at least three, possibly more, armed men robbed the Fairview Federal Savings & Loan in Baltimore City. After taking a revolver from a security guard, two of the men, one of whom was identified as Thomas, vaulted over the counter separating the tellers from bank customers; announced "This is a holdup"; and ordered the four tellers on duty to move away from the counter to the back of the teller area. The tellers did so, and Thomas and the other gunmen proceeded to take specifically identified sums of cash from three of the teller's individual cash boxes and an undisclosed amount from a fourth cash box. After the tellers had lain down on the floor under orders of the gunmen, the robbers fled, shooting at a police officer during their flight.

Following his apprehension and trial, Thomas was convicted of four counts of robbery with a deadly weapon, and one of assault on a police officer. One of the armed robbery counts related to seizure of the security guard's handgun. The other three, which are those in issue here, related

to the taking of specific sums of money from the three individual cash boxes in the custody of three of the four bank tellers.

II

A

Thomas' double jeopardy claim, though pressed in somewhat different form and with different emphases in the district court, in his written brief on this appeal, and in his oral argument to this court, has essentially two prongs.

First, he contends that as a matter of state law the three convictions relate to but a single unit of prosecution, that being the "single unitary episode" of bank robbery during which property was taken from "a single entity," the Savings & Loan, albeit from three different physical repositories. That being so, he claims, the three counts and resulting convictions relate to but a "single offense" for which but a single punishment is allowable under fundamental principles of double jeopardy.

Alternatively he contends that if the three counts do relate to separate units of prosecution, hence to separate offenses, there was insufficient evidence to support his conviction as to an essential element of each of the offenses, the individual possessory interests of the three bank tellers.

We take these in that order.

B

Where a multiple-punishment-for-single-offense claim of double jeopardy is made, the first inquiry—perhaps one preliminary to true constitutional inquiry—is whether as a matter of legislative intent there are involved single or multiple offenses, i.e., whether the legislature intended that an arguably single or continuous criminal episode could result in multiple "units of prosecution" based upon particular factors of time or other circumstances dividing the whole into discrete parts. See United States v. Johnson, 612 F.2d 843 (4th Cir.

---

1. Also presented and rejected by the district court was a claim of ineffective assistance of

counsel. That claim is not presented on appeal.

1979); *cf. United States v. Universal C.I.T. Credit Corp.,* 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260 (1952). When the claim is made in relation to state offenses, federal courts are essentially bound by state court interpretations of state legislative intent on this score. *See Whalen v. United States,* 445 U.S. 684, 687–88, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980); *Brown v. Ohio,* 432 U.S. 161, 167, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977).

On oral argument Thomas urged that the Maryland courts have not definitively ruled on that issue here. We believe, however, that they have and that their consistent, longstanding interpretation supports the state's claim that separate units of prosecution, hence multiple punishments, were contemplated by the Maryland legislature in respect of the three armed robbery convictions here in issue.

Two strands of Maryland case law interpreting the Maryland armed robbery statute, Md.Ann. Code, Art. 27, § 488, and identifying the elements of common law robbery upon which this statute builds are pertinent. Taken together they persuade us that the Maryland legislature intended to allow multiple prosecution and sentencing in armed robbery cases involving property owned by a single entity where the property is taken, albeit in a unitary episode, from the lawful possessions of multiple custodians of discrete portions of the property and where each custodian is put under individual armed threat in the course of the taking.[2]

First, the Maryland courts have consistently held that separate offenses may be charged for robbery of multiple victims in a single episode. *Smith v. State,* 23 Md.App. 177, 325 A.2d 902 (1974). *Smith* involved property *owned* separately by each of several victims. Thomas argues that this difference is critical and that only one crime can be said to occur where a single entity owns the property stolen, regardless of the number of people associated with that entity who might be threatened during the course of the robbery.

■ That argument is defeated by the other strand of state decisions. These interpret state law to allow separate prosecutions of robberies involving custodians rather than owners of property. Ownership *or* lawful possession or custody is a sufficient predicate for the offense. *Hadder v. State,* 238 Md. 341, 354, 209 A.2d 70 (1965); *Hartley v. State,* 4 Md.App. 450, 465, 243 A.2d 665 (1968). Applying this view, robbery convictions have been upheld in several cases where a store employee, having custody of money in a cash register at the time of the robbery, has been the proven victim of the crime. *Harrison v. State,* 3 Md.App. 148, 238 A.2d 153 (1968); *Hartley v. State; Tyler v. State,* 5 Md.App. 158, 245 A.2d 592 (1968).

Against the force of these state court decisions, Thomas nevertheless contends that none—except that upholding his own conviction—has held that separate armed robbery offenses are committed under Maryland law where property is taken in a single episode from multiple custodians of property owned by a single other person or entity. And he suggests that with the exact interpretative question not authoritatively decided by state courts we should address it as an open question of state law necessary to decision of his federal double jeopardy claim.

■ We disagree. Assuming that the exact factual situation has not been presented, we are nevertheless satisfied that the Maryland decisions above noted unmistakably establish as a matter of state law that separate offenses and punishments are legislatively contemplated where this situation is presented. We therefore consider the matter one authoritatively settled by longstanding, consistent state judicial interpretations that foreclose any federal double jeopardy claim. *Cf. Brown v. Ohio,* 432

**2.** This describes a different factual situation than would be presented, for example, by a taking from a general repository such as a bank vault accompanied by armed threats to one or more employees. This and any number of other variations on the general factual pattern would present quite different issues under our analysis of controlling state law.

U.S. 161, 169 n.8, 97 S.Ct. 2221, 2227 n.8, 53 L.Ed.2d 187 (1977).

## C

This takes us to Thomas' alternative argument which, in truth, seems not a double jeopardy claim, but one going to the sufficiency of the evidence to convict of the three offenses charged if, as the state contends, they are separate ones for double jeopardy purposes.

■ The argument is that there was not the requisite proof of the separate, discrete possession of each of the three bank tellers from whom money was allegedly taken to support three separate convictions. There is no merit to this argument, however construed, and we reject it.[3]

Each of the tellers testified on the basis of her direct perception that from the cash box specifically entrusted to her possession a specific amount was taken by one of the persons engaged in the robbery. This obviously sufficed as evidence from which the jury could have found the requisite possession of each beyond a reasonable doubt.

## III

For the foregoing reasons, the judgment of the district court denying Thomas' petition for habeas corpus relief is affirmed.

AFFIRMED.

---

**3.** We address the argument, though it may be doubtful whether it is properly before us under the habeas petition as presented in the district court. No point is made that this may in fact be a separate constitutional claim. Thomas treats it on this appeal simply as an argument integral to the single constitutional claim presented which, as stated in his brief on appeal, is

> Whether Thomas was subjected to multiple punishment for a single offense in violation of the Double Jeopardy Clause . . . where the

evidence failed to establish discrete takings of money from individual bank tellers, and established instead that there was but a single criminal act in which cash was taken from four cash drawers.

To the extent the argument is that federal double jeopardy is implicated where a state prosecution for multiple offenses results in multiple convictions and multiple punishments and one or more of the convictions is not supported by sufficient evidence, we reject it as a matter of law.