865 F.2d 1260
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Anthony BROWNLEE, Defendant-Appellant.
 No. 88-7661.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 22, 1988.
Decided: Dec. 2, 1988.
Rehearing and Rehearing In Banc Denied Dec. 28, 1988.
 
 Donald Anthony Brownlee, appellant pro se.
 Peter W. Kellum (Office of the United States Attorney), for appellee.
 Before SPROUSE, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald Anthony Brownlee appeals the denial of his 28 U.S.C. Sec. 2255 motion. Brownlee raises three issues, none of which have merit. We elaborate only on Brownlee's claim that his convictions for armed robbery, 18 U.S.C. Sec. 2113, and use of a firearm to commit the robbery, 18 U.S.C. Sec. 924(c), violate the Double Jeopardy Clause.[1]
 
 
 2
 Brownlee bases his claim on the fact that the two crimes charged occurred during the same transaction and both require proof of the same fact, i.e., use of a firearm. This claim has a superficial appeal but cannot be squared with recent precedent. The first step in analyzing such a claim is to examine legislative intent. Missouri v. Hunter, 459 U.S. 359 (1983). See also Thomas v. Warden, Maryland State Penitentiary, 683 F.2d 83 (4th Cir.), cert. denied, 459 U.S. 1042 (1982). If that inquiry is inconclusive, an analysis of statutory elements, pursuant to Blockberger v. United States, 284 U.S. 299 (1932), is in order. Missouri v. Hunter, supra.
 
 
 3
 We have recently concluded that Congress intended cumulative punishment for convictions under Sec. 2113 and Sec. 924(c). See United States v. Shaver, 820 F.2d 1375 (4th Cir.1987). We observe that cumulative sentences for convictions under Sec. 2113 and Sec. 924(c) have been upheld in the other circuits against similar constitutional arguments based on interpretations of Congressional intent derived from the language of the statutes and the legislative history. See United States v. Browne, 829 F.2d 760, 767 (9th Cir.1987) (finding intent based on statutory language and legislative history), cert. denied, 56 U.S.L.W. 3683 (U.S. Apr 4, 1988) (No. 87-6530); United States v. Ricks, 817 F.2d 692, 698-99 (11th Cir.1987) (finding intent based on statutory language); United States v. Doffin, 791 F.2d 118, 121 (8th Cir.1986) (finding intent based on statutory language), 55 U.S.L.W. 3235 (U.S. Oct. 6, 1986) (No. 86-5115). Therefore, we adhere to our earlier view, expressed in Shaver, that Congress intended cumulative punishments under these statutes. Thus, we are compelled to reject Brownlee's claim. Missouri v. Hunter, supra.
 
 
 4
 Accordingly, we affirm the district court's order denying relief to Brownlee.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Brownlee's other claims challenged the jurisdiction of the federal courts to hear a bank robbery charge and the constitutionality of the bank robbery statute
 
 
 [2]
 We also deny Brownlee's motion for appointment of counsel on appeal. See Whisenant v. Yuam, 739 F.2d 160 (4th Cir.1984)