951 F.2d 1260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ernest Eugene SMITH, Petitioner-Appellant,
v.
Stephen KAISER, Respondent-Appellee.
 No. 91-6046.
 United States Court of Appeals, Tenth Circuit.
 Dec. 13, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-appellant Ernest Eugene Smith appeals from a Judgment denying his Petition for a Writ of Habeas Corpus, brought pursuant to 28 U.S.C. § 2254. Smith was convicted of two counts of attempted robbery with a firearm, contrary to Okla.Stat. tit. 21, § 801, after former conviction of two or more felonies, Okla.Stat. tit. 21, § 51(B). In his petition, Smith raised the following issues: 1) trial counsel was ineffective because he stipulated to Smith's prior convictions before trial without first discussing the stipulation with Smith; 2) appellate counsel was ineffective for failing to raise certain issues on direct appeal; 3) Smith's rights to due process and equal protection were violated when the trial court failed to determine whether Smith's waiver of a bifurcated trial and stipulation to the prior convictions was knowing and voluntary; and 4) the constitutional prohibition against double jeopardy, U.S. Const.amend. V, was violated when he was tried and convicted of two counts of attempted robbery with a firearm for a single incident.
 
 
 3
 The federal district court applied a procedural bar to the second and third issues, although it addressed the ineffective assistance of appellate counsel issue on the merits. It rejected the ineffective assistance of counsel and double jeopardy issues. We affirm in part, reverse in part, and remand with directions.
 
 I.
 
 4
 On January 26, 1986, a man wearing a ski mask entered Brannon's IGA grocery store in Shawnee, Oklahoma. The man pulled the mask over his face, drew a revolver, and forced the store manager, Michael Clodfelter, into an office. The man grabbed a secretary and pulled her into the office as well. The man had both victims transfer cash from the store safe into a bank bag. He then tried to herd the victims into an adjoining office, placed a gun to Clodfelter's head, and cocked the hammer. Clodfelter grabbed the weapon. The hammer fell, but the gun failed to fire. Clodfelter disarmed the man and pulled off the ski mask. The man ran from the store with Clodfelter in pursuit and tried to flee in a blue Chevrolet Camaro. Clodfelter fired several shots at the car with the man's gun.
 
 
 5
 The next day, both victims identified Smith from a photographic lineup. After obtaining an arrest warrant, police officers went to Smith's sister's home where they discovered Smith filling putty into bullet holes in the right front fender of a car matching the description of the getaway car. The officers arrested Smith, impounded the car, and from the right front fender recovered a bullet that was later determined to have been fired from Smith's revolver.
 
 
 6
 Smith's attorney waived Smith's right to a bifurcated trial under Okla.Stat. tit. 22, § 860[1] on the issue of prior convictions. Smith took the stand, denied committing the crime, and admitted having four prior felony convictions. He was found guilty and sentenced to two consecutive terms of life imprisonment.
 
 
 7
 On appeal, Smith raised numerous issues including ineffective assistance of trial counsel and double jeopardy. The Oklahoma Court of Criminal Appeals affirmed Smith's conviction. Smith v. State, No. F-86-743 (Okla.Crim.App. April 6, 1989).
 
 
 8
 On November 8, 1989, Smith filed a Motion to Vacate Judgments and Sentences, raising the trial court's failure to determine whether his admission to prior convictions was knowing and voluntary. The state district court denied the motion and the Oklahoma Court of Criminal Appeals affirmed on the ground that all matters raised in the motion were either considered on direct appeal or should have been raised.
 
 
 9
 On May 9, 1990, Smith filed an Application for Post-Conviction Relief, raising the trial court's failure to determine if he knowingly and intelligently waived his right to a bifurcated trial, a challenge to the jury instructions, and ineffective assistance of appellate counsel. The state district court denied the motion and the Oklahoma Court of Criminal Appeals affirmed on the grounds that the claim of ineffective assistance of appellate counsel should have been raised in Smith's first post-conviction motion and the other issues either should have been raised on direct appeal or in his first post-conviction motion. Smith then commenced the present habeas corpus action in the United States District Court for the Western District of Oklahoma.
 
 II.
 
 10
 We review de novo a federal district court's denial of a petition for a writ of habeas corpus. Monk v. Zelez, 901 F.2d 885, 888 (10th Cir.1990).
 
 
 11
 Smith first argues that he was denied effective assistance of counsel because trial counsel stipulated to Smith's prior convictions without first investigating the laws pertinent thereto or ascertaining whether Smith agreed to the stipulation. To establish ineffective assistance of counsel a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 12
 The federal district court concluded that counsel was not ineffective because Smith had waived his right to a bifurcated trial by admitting his prior convictions at trial. See Ray v. State, 788 P.2d 1384, 1386 (Okla.Crim.App.1990) (defendant who takes the stand and admits prior convictions waives right to bifurcated trial). Presumably the district court reasoned that Smith was not prejudiced by counsel's failure to discuss the stipulation with Smith because Smith personally admitted the prior convictions.
 
 
 13
 Smith first argues that his taking the stand did not cure the prejudice caused by his attorney's error. Smith contends that he "had nothing to lose" by taking the stand because the jury had already been informed of his prior convictions. Had he properly been advised of his rights, Smith asserts, he would not have taken the stand.
 
 
 14
 The Fifth Circuit, in Joseph v. Butler, 838 F.2d 786 (5th Cir.1988), addressed a claim that trial counsel's representation in an habitual offender proceeding was constitutionally ineffective and caused the defendant to admit prior convictions he otherwise would not have admitted. The Joseph court relied on Hill v. Lockhart, 474 U.S. 52 (1985), which held that, to establish prejudice in the context of a guilty plea, a defendant must prove "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 838 F.2d at 791 (quoting Hill, 474 U.S. at 59). The Joseph court applied Hill to an ineffective assistance of counsel claim in the context of a guilty plea to a multiple offender charge. Id. at 791. In such a context, the defendant must establish "a reasonable probability that, but for counsel's errors, he would not have admitted his prior convictions and would have demanded a trial on the multiple offender charge." Id.
 
 
 15
 The Joseph court concluded that the defendant had not met his burden of proof. Although the defendant had alleged in his petition that, but for counsel's advice, he would have demanded a trial on the multiple offender charge, the court did not believe these "mere allegations" were sufficient to reach the threshold of a reasonable probability. Id. The court noted that the defendant had not challenged the validity of the prior convictions or the fact that he was the same person convicted in each case, and observed that prior convictions are facts " 'of the kind that generally can be clearly proved with relative ease [even] absent admission.' " Id. (quoting Buckley v. Butler, 825 F.2d 895, 904 (5th Cir.1987), cert. denied, 486 U.S. 1009 (1988)). We find the Joseph analysis helpful and apply it in this case.
 
 
 16
 While Smith asserts that he had no intention of waiving any portion of the "mandatory two phase trial," he does not challenge the validity of his prior convictions or the fact that he was the same person convicted in each prior case. We conclude Smith failed to raise a reasonable probability that, but for trial counsel's alleged errors, he would have demanded a trial on the multiple offender charge. He has not established that counsel's alleged errors prejudiced his defense.
 
 
 17
 Smith next argues that appellate counsel was ineffective for failing to timely raise certain issues on direct appeal. While the federal district court held that this issue was procedurally barred, it went on to address the issue on the merits. We conclude the federal district court was correct in its determination that the issue was procedurally barred.
 
 
 18
 Smith first raised the ineffective assistance of appellate counsel claim in his Application for Post-Conviction Relief.[2] The Oklahoma Court of Criminal Appeals affirmed the state district court's denial of this claim solely on the ground that the claim should have been raised in Smith's Motion to Vacate Judgments and Sentences. This is a clear and express statement that the state court Judgment rests on an adequate and independent state procedural ground.[3] Smith is barred from raising the ineffective assistance of appellate counsel claim on habeas review, Coleman v. Thompson, 111 S.Ct. 2546, 2557 (1991), unless he can show cause for the default and actual prejudice as a result of the alleged violation of federal law or can demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice. Id. at 2565.[4]
 
 
 19
 Smith did not explain his reason for failing to raise the ineffective assistance of appellate counsel claim at his earliest opportunity, that is, in the Motion to Vacate Judgments and Sentences. He therefore has not established cause for the default. In addition, he has not demonstrated that failure to consider the claim will result in a fundamental miscarriage of justice.
 
 
 20
 As his third issue, Smith argues that the state trial court should have determined that he knowingly and voluntarily agreed to waive his right to a bifurcated trial and stipulate to prior convictions before accepting the waiver and stipulation during his trial. The federal district court held that Smith was procedurally barred from raising the issue.
 
 
 21
 Smith first raised a version of this issue in his state court Motion to Vacate Judgments and Sentences. The Oklahoma Court of Criminal Appeals affirmed the state district court's denial of the motion on the ground that Smith should have raised the issue on direct appeal. Again, this is a clear and express statement that the state court judgment rested on a state procedural bar. Smith must show cause and prejudice or a fundamental miscarriage of justice to be entitled to review of this claim.
 
 
 22
 Smith attributes his failure to raise this issue on direct appeal to appellate counsel's ineffectiveness. Ineffective assistance of counsel is cause for a procedural default. Id. at 2567. A claim of ineffective assistance of counsel must first "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Murray, 477 U.S. at 489. Smith's ineffective assistance of appellate counsel claim was presented to the state court and rejected on procedural grounds, and Smith has failed to convince us there was cause for his procedural default and resulting prejudice or that failure to consider his claim will result in a fundamental miscarriage of justice. He therefore cannot establish that ineffective assistance of appellate counsel was the cause of his failure to raise on direct appeal the argument that the trial court should have determined whether his waiver of the bifurcated trial and stipulation to prior convictions were knowing and voluntary. See Justus v. Murray, 897 F.2d 709, 714 (4th Cir.1990) (before ineffective assistance of counsel claim may be raised as cause in federal habeas, it must first be exhausted in state court and not be procedurally defaulted).
 
 
 23
 Smith's final argument is that the two convictions for a single act of attempting to take money belonging to Brannon's IGA grocery store violate the Fifth Amendment[5] prohibition against double jeopardy. Smith relies on Keeling v. State,[6] 810 P.2d 1298 (Okla.Crim.App.1991), which held that two robbery convictions for forcing two employees to turn over money belonging to one store violated the prohibition against double jeopardy.
 
 
 24
 The federal district court rejected the double jeopardy claim, concluding that having "two victims in the course of one criminal transaction resulting in two convictions under separate counts does not implicate the double jeopardy clause." That court did not, however, have the benefit of Keeling when it issued its decision.
 
 
 25
 Federal courts on habeas review are not bound by a state court's interpretation of the Double Jeopardy Clause of the United States Constitution. Missouri v. Hunter, 459 U.S. 359, 368 (1983). Whether multiple punishment for a single offense violates the Double Jeopardy Clause depends, however, on whether the legislature intended multiple punishments, Grady v. Corbin, 110 S.Ct. 2084, 2091 (1990), or, stated another way, "whether the legislature intended that an arguably single or continuous criminal episode could result in multiple 'units of prosecution' based upon particular factors of time or other circumstances dividing the whole into discrete parts." Thomas v. Warden, 683 F.2d 83, 84 (4th Cir.), cert. denied, 459 U.S. 1042 (1982). We must accept a state court's construction of a state statute in determining the legislature's intent. Hunter, 459 U.S. at 368; Thomas, 683 F.2d at 85.
 
 
 26
 Respondent maintains that Keeling is not controlling because it represents a change in the law since Smith's conviction and because the Keeling court did not specifically state that the decision was to be applied retroactively. Respondent notes the rule that "decisions of the highest court overruling a prior decision are prospective in application unless specifically declared to have retroactive effect." Walton v. State, 565 P.2d 716, 718 (Okla.Crim.App.1977).
 
 
 27
 Although the disposition of the double jeopardy claim in Keeling is inconsistent with the disposition of the double jeopardy claim in the unpublished appellate court decision in Smith's direct appeal, Keeling did not overrule any decision. In fact, it relied on Johnson v. State, 650 P.2d 875, 876 (Okla.Crim.App.1982), which held that the robbery of money from several cash registers at a single restaurant constituted a single count of robbery with a firearm. We conclude we may rely on Kelling's construction of Okla.Stat. tit. 21, § 801 to determine the legislature's intent for purposes of the double jeopardy analysis.
 
 
 28
 In Keeling, one codefendant forced two cashiers to turn over the cash drawers for Claude's Food Store. Each codefendant was convicted of two counts of robbery with a firearm, contrary to Okla.Stat. tit. 21, § 801. The codefendants argued that the prosecutions for two counts of robbery violated the constitutional prohibition against double jeopardy because only one store was robbed. The court agreed. It noted that the money taken by the codefendants belonged to Claude's Food Store, "regardless of the number of cash registers or cashiers involved. The offenses stemmed from the same transaction and all the evidence necessary to prove the first count was the same evidence necessary to prove the second." Keeling, 810 P.2d at 1301 (citation omitted). In so holding, the Keeling court implicitly construed Okla.Stat. tit. 21, § 801 to permit only a single unit of prosecution for a robbery of property owned by a single entity but in the possession or custody of two individuals. We therefore conclude that Smith's multiple punishments for the same offense violate the constitutional prohibition against double jeopardy. One of the convictions must be set aside.
 
 
 29
 The Motion for a Certificate of Probable Cause is GRANTED, 28 U.S.C. § 2253, and the Judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings. The District Court shall enter judgment granting habeas relief unless the State of Oklahoma takes appropriate action to vacate one of Smith's convictions within ninety days.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 This section provides that in all cases in which a defendant is prosecuted for a second or subsequent offense, except where the former conviction is an element of the offense, the first part of the trial shall proceed as though the offense charged was the first offense. All references to prior offenses shall be omitted from the reading of the indictment or information and during trial. The judge shall instruct the jury to determine only guilt or innocence on the offense charged. If the verdict is guilty, the trial proceeds to a second stage at which that portion of the indictment or information relating to prior offenses shall be read to the jury and evidence of prior offenses received. The court shall instruct the jury on the law relating to second and subsequent offenses and the jury shall determine the fact of the former convictions and the punishment
 
 
 [2]
 While the federal district court's opinion states at p. 2 that Smith raised this issue in his pro se Motion to Amend his brief on direct appeal, Smith's Petition for a Writ of Habeas Corpus states at p. 11c that the issue was not raised on direct appeal from the judgment of conviction, and Respondent's Response to Petition for Writ of Habeas Corpus states at p. 9 that the claim was not raised until Smith's Application for Post-Conviction Relief. The Motion to Amend is not part of the record and nothing else in the record indicates that the issue was raised prior to the Application for Post-Conviction Relief. Even if the issue was raised in Smith's pro se amended brief, however, our disposition of this issue would be the same. The Oklahoma Court of Criminal Appeals held on direct appeal that issues six, seven, eight, ten, and eleven raised in Smith's pro se amended brief were waived because Smith failed to cite any authority in support thereof. The issues are not described by the state appellate court. Smith, No. F-86-743 at 5. If ineffective assistance of appellate counsel was one of these issues, the state court provided a clear and express statement that disposition of the issue rested on an adequate and independent procedural ground
 
 
 [3]
 Smith v. State, 546 P.2d 1351, 1354 (Okla.Crim.App.1976), held that "all issues known to a Petitioner must be raised in the first application for post conviction relief in the trial court, or they will be deemed to have been waived unless there is good and sufficient reason for their not having been raised, such as newly discovered evidence not known at the time of the filing of the original post conviction application."
 
 
 [4]
 Murray v. Carrier, 477 U.S. 478, 495-96 (1986), explained that victims of a fundamental miscarriage of justice will usually meet the cause and prejudice standard. The Court recognized, however, that "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Id. at 496. Smith has not established a fundamental miscarriage of justice under either test
 
 
 [5]
 The Oklahoma Court of Criminal Appeals on direct appeal rejected Smith's double jeopardy claim without stating whether he relied on the federal or state double jeopardy provision. The record does not include Smith's brief before the Oklahoma Court of Criminal Appeals on direct appeal. Respondent has not argued that the federal double jeopardy argument was waived in state court, however, so we assume that the argument was made
 
 
 [6]
 We grant Smith's Motion to Add Supplemental Brief addressing Keeling. We further grant him permission to file his "Traverse to Appellee(s)s [sic] Response."