**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LARRY RIDDICK,
Petitioner-Appellant,

v.                                                    No. 96-6298

RONALD ANGELONE,
Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-95-506-3)

Submitted: November 26, 1996

Decided: January 14, 1997

Before WILKINS and WILLIAMS, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Larry Riddick, Appellant Pro Se. Thomas Cauthorne Daniel, Assistant Attorney General, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Larry Riddick appeals from the district court's order dismissing his petition brought under 28 U.S.C. § 2254 (1994).* We dismiss the appeal.

Riddick raised eight claims in his initial petition, and moved to amend his complaint to add four more claims following the Government's motion to dismiss. Our review reveals that only the following claims are properly exhausted and subject to federal review:

> I. His conviction for seven counts of forgery violated the Double Jeopardy Clause because, although separate acts, they were all committed in furtherance of a common scheme.

> II. He was denied due process of law when the state magistrate judge who issued his arrest warrant testified at his trial in alleged violation of Va. Code Ann.§ 19.2-271 (Michie 1995).

> III. He received ineffective assistance of counsel because his attorney failed to:

> A. object to a statement which suggested that Riddick was being held in jail pending the outcome of his trial and may have threatened a witness against him;

> B. subpoena a detective who could have testified that another person, using an ID card with

_____

*Effective April 26, 1996, 28 U.S.C. § 2254 was amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. Because Riddick filed this appeal prior to the Act's enactment, we need not consider what effect the Act would have on this appeal.

Riddick's picture attempted to commit a simi-
lar offense; and

C. vigorously pursue his appeal.

Addressing claim I, we find that although Riddick committed all seven forgeries in furtherance of a single goal, he still committed seven distinct violations of Virginia law. See  Va. Code Ann. § 18.2-172 (Michie 1996); United States v. Swaim, 757 F.2d 1530, 1536 (5th Cir.) (stating that the test for whether a continuous transaction results in the commission of one or multiple offenses is determined by whether separate and distinct criminal acts have occurred), cert. denied, 474 U.S. 825 (1985). Furthermore, all of these violations were tried in a single proceeding, and the Virginia Supreme Court did not find the punishment to exceed that intended by the Virginia legislature. Accordingly, we hold that the Double Jeopardy Clause has not been violated. See Thomas v. Warden, 683 F.2d 83, 85 (4th Cir.) ("Where the [double jeopardy] claim is made in relation to state offenses, federal courts are essentially bound by state court interpretations of state legislative intent."), cert. denied, 459 U.S. 1042 (1982). Turning to claim II, we find that the magistrate judge's testimony did not violate Va. Code Ann. § 19.2-271 because it did not relate to factual matters which came before him in his official duties. See Carter v. Commonwealth, 403 S.E.2d 360 (Va. Ct. App. 1991). Finally, we find that Riddick has failed to demonstrate both deficient performance and prejudice in any of his three ineffective assistance claims as required by Strickland v. Washington, 466 U.S. 668 (1984). To the extent that claim III.A might also allege a due process violation, we find that any error was harmless. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993).

Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3